**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: UNASSIGNED

| | |
|---|---|
| ILDICO INC. | |
| Plaintiff, | |
| v. | COURT NO.: 18-00136 |
| THE UNITED STATES, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Ildico, Inc., by and through its attorneys of record, alleges as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal place of business in Beverly Hills, California.

2. Defendant, United States, through United States Customs and Border Protection ("Customs"), is responsible to classify merchandise imported into the United States under the Harmonized Tariff Schedule of the United States ("HTSUS") and to collect duties.

## JURISDICTION

3. Plaintiff is the importer of record and the real party in interest for these entries of watches.

4. Pursuant to 19 U.S.C. § 1514(a)(2), Plaintiff timely filed protests to challenge Customs' decision, at liquidation, to assess duties under Heading 9102, HTSUS (2016), entitled "Wrist watches . . . other than those of heading 9101. . ."

5. Customs denied the protests on December 19, 2017 and February 14, 2018.

1

6. Plaintiff has standing to bring this action because it is the party that filed the protests, and, on June 14, 2018, it timely filed its summons in this action to challenge Customs' decision to deny the protests. *See* 28 U.S.C. § 2631(a) and 28 U.S.C. § 2636(a)(1).

7. Based on the timely filed protests, which Customs denied, and the timely filed summons, the court has jurisdiction of this action under 28 U.S.C. § 1581(a), as amended.

## FACTUAL BACKGROUND

8. This Action involves the classification of Richard Mille brand watches Plaintiff imported under Entry No. EVJ-0170464-5 (dated April 07, 2016), at the Los Angeles, CA airport, included in Protest No. 2720-17-101760, as well as forty-three other entries included in thirteen other protests covered by the summons.

9. The merchandise consists of watches manufactured in Switzerland.

10. The imported watches each have a front synthetic sapphire crystal, an 18 karat (kt) gold bezel, and an 18kt gold case with a synthetic sapphire affixed to the back of the case.

11. Customs liquidated the watches in this action with automatic winding and a strap band or bracelet of textile material or of base metal as: "Wrist watches . . . other than those of heading 9101: Other wrist watches . . . With automatic winding: Having over 17 jewels in the movement: With strap, band or bracelet of textile material or of base metal, whether or not gold- or silver-plated" under Subh. 9102.21.70, HTSUS (2016), (with the individual components separately reported according to their respective statistical suffixes), at the rate of 4.2% *ad valorem* for the watch case, 9.8% *ad valorem* for the strap, band or bracelet and $1.53 each for the watch movement.

12. Plaintiff claims that the watches (movement and case) with automatic winding and a strap band or bracelet of textile material or of base metal are properly classified as: "Wrist

watches . . . with case of precious metal or of metal clad with precious metal:  Other wrist watches . . . With automatic winding: Having over 17 jewels in the movement: Other" under Subh. 9101.21.50, HTSUS (2016), duty-free. The watch straps, bands or bracelets are classified as: "Of textile material or of base metal, whether or not gold- or silver-plated" under Subh. 9101.21.10, HTSUS (2016), at the rate of 3.1% *ad valorem*.

13. Customs liquidated the watches in this action with automatic winding and a strap, band or bracelet of a material, other than textile or base metal, as: "Wrist watches . . . other than those of heading 9101: Other wrist watches . . . With automatic winding: Having over 17 jewels in the movement: Other" under Subh. 9102.21.90, HTSUS, (2015) (with the individual components separately reported according to their respective statistical suffixes), at the rate of 4.2% *ad valorem* for the watch case, 2% *ad valorem* for the strap, band or bracelet and $1.53 each for the watch movement.

14. Plaintiff claims that the watches (movement and case) with automatic winding and a strap, band or bracelet of a material, other than textile or base metal, are properly classified as: "Wrist watches . . . with case of precious metal or of metal clad with precious metal: Other wrist watches . . . With automatic winding: Having over 17 jewels in the movement: Other" under Subh. 9101.21.50, HTSUS (2015) (with these components separately reported according to their respective statistical suffixes), duty-free. The watch straps, bands or bracelets are classified as "Other" under Subh. 9101.21.30, HTSUS (2015), at the rate of 3.1% *ad valorem*.

15. Customs liquidated the watches in this action without automatic winding as: "Wrist watches . . . other than those of heading 9101: Other wrist watches . . . Other: Having over 17 jewels in the movement: Other" under Subh. 9102.29.60, HTSUS (2015-2016) (with the individual components separately reported according to their respective statistical suffixes), at

Court No. 18-00136

the rate of 4.8% *ad valorem* for the watch case, 2.2% *ad valorem* for the strap, band or bracelet and $1.75 each for the watch movement.

16. Plaintiff claims that the watches (movement and case) without automatic winding are properly classified as: "Wrist watches . . . with case of precious metal or of metal clad with precious metal: Other wrist watches . . . Other: Having over 17 jewels in the movement: Other" under Subh. 9101.29.90, HTSUS (2015-2016) (with these components separately reported according to their respective statistical suffixes), duty-free. The watch straps, bands or bracelets are classified as "Other" under Subh. 9101.29.80, HTSUS (2015-2016), at the rate of 3.1% *ad valorem*.

## CLAIM 1

17. Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

18. Pursuant to General Rule of Interpretation 1 ("GRI 1"), HTSUS, and Legal Note 2, Chapter 91, HTSUS, the watches are classified under Heading 9101 because the watch cases are wholly of 18kt gold, a precious metal, combined at the back with synthetic sapphire, a synthetic precious stone of Heading 7104, HTSUS.

19. Based on Legal Note 2, Chapter 91, Plaintiff's watches are properly classified under Heading 9101.

## CLAIM 2

20. Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

21. Customs Headquarters Ruling Letter, HQ H285165 (Nov. 14, 2017), issued to Plaintiff, is inconsistent with other Customs rulings that classify materially similar watches under Heading 9101.

22. Customs Ruling NY B87974 (Aug. 19, 1997) classified a Montblanc brand watch with a sapphire combined with the back of the watch case under Heading 9101.

23. In Customs Rulings NY N268252 (Sep 25, 2015) and N296909 (May 31, 2018), Customs classified under Heading 9101 two different Patek Phillipe brand watches with a sapphire combined with the back of the watch case.

24. Plaintiff's watches are materially constructed like the Montblanc brand watches with like materials.

25. Plaintiff's watches are materially constructed like the Patek Phillip brand watches with like materials.

26. Plaintiff's watches are correctly classified under Heading 9101, HTSUS.

## CLAIM 3

27. Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

28. Alternatively, pursuant to GRI 1, HTSUS, Plaintiff's watches are classified under Heading 9101 because the watch cases are wholly of 18kt gold.

29. The synthetic sapphire found on the back of the watch is not part of the watch case but is a second watch crystal.

30. Because the back sapphire crystal is not a part of the watch case, the watches are properly classified under Heading 9101, HTSUS.

//

//

//

//

Court No. 18-00136

## REQUEST FOR RELIEF

31. Plaintiff requests the Court to enter judgment in favor of the Plaintiff as follows:

(1) The imported merchandise (watch movement and case) with automatic winding and a strap band or bracelet of textile material or of base metal is classified under Subh. 9101.21.50, HTSUS (2016), duty free;

(2) The imported merchandise (watch straps, bands or bracelets) with automatic winding and a band or bracelet of textile material or of base metal is classified under Subh. 9101.21.10, HTSUS (2016), at the rate of 3.1% *ad valorem*;

(3) The imported merchandise (watch movement and case) with automatic winding and a strap, band or bracelet of a material, other than textile or base metal, is classified under Subh. 9101.21.50, HTSUS (2015), duty free;

(4) The imported merchandise (watch straps, bands or bracelets) with automatic winding and a strap, band or bracelet of a material, other than textile or base metal, is classified under Subh. 9101.21.30, HTSUS (2015), at the rate of 3.1% *ad valorem*;

(5) The imported merchandise (watch movement and case) without automatic winding is classified under Subh. 9101.29.90, HTSUS (2015-2016), duty free;

(6) The imported merchandise (watch straps, bands or bracelets) without automatic winding is classified under Subh. 9101.29.80, HTSUS (2015-2016), at the rate of 3.1% *ad valorem*;

6

Court No. 18-00136

      (7)  Defendant is ordered to re-liquidate the subject entries accordingly and issue refunds of the excess duties and fees paid, with interest, as provided by law, and

      (8)  Plaintiff is granted an award of its costs, attorneys' fees and other relief that the Court deems equitable and just.

Dated: April 28, 2022          Respectfully submitted,

                __/s/ Mandy Kirschner_____

By:   Mandy Edwards Kirschner, Esq.
Elon A. Pollack, Esq.
Stein Shostak Shostak Pollack & O'Hara, LLP
865 South Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone Number: (213) 630-8888
Fax Number: (213) 630-8890
E-Mail: mkirschner@steinshostak.com
        elon@steinshostak.com