UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| ILDICO, INC., | : |
| | : |
| Plaintiff, | : Court Nos. 18-00136 |
| | :                18-00076 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

## ORDER

Upon reading defendant's motion to preclude plaintiff from relying on its Third Supplemental Response to Defendant's First Request for Production to support its claims for summary judgment or trial or, alternatively, to reopen discovery on the topic of plaintiff's Third Supplemental Response to Defendant's First Request for Production, upon consideration of plaintiff's response, and upon consideration of other papers and proceedings had herein and upon due deliberation, it is hereby:

**ORDERED** that plaintiff is prohibited from relying on its Third Supplemental Response to Defendant's First Request for Production to support its claims for purposes of summary judgment or trial.
.

_____
JANE A. RESTANI, JUDGE

Dated:  New York, NY
This       day of              , 2024.

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| ILDICO, INC., : | |
| : | |
| : | |
| Plaintiff, : | Court Nos. 18-00136 |
| : | 18-00076 |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |
| : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO PRECLUDE PLAINTIFF FROM RELYING ON ITS THIRD SUPPLEMENTAL RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO SUPPORT ITS CLAIMS FOR SUMMARY JUDGMENT OR TRIAL**

Pursuant to USCIT Rules 1, 26(a)(1), 26(e), and 37(c)(1), Rules of this Court, defendant, the United States (the Government), moves this Court, for an order precluding plaintiff, Ildico, Inc. (Ildico), from introducing during the briefing of any motions for summary judgment or at trial the photographs and samples that it produced as part of its third supplemental response to the Government's request for production of documents or, alternatively, to reopen discovery to permit the Government to conduct discovery on plaintiff's third supplemental response.

**BACKGROUND**

The issue before the Court is determining the correct tariff classification of over thirty-five (35) model variations of imported Richard Mille watches. Ildico alleges that automatic watches are properly classifiable in subheading 9101.21.50, HTSUS, as "Wrist watches . . . with case of precious metal or of metal clad with precious metal: . . . Other wrist watches . . .: With automatic winding: Having over 17 jewels in the movement: . . . Other," duty-free. Compl. ¶ 12 (Court No. 18-136). Ildico alleges that imported watches without automatic winding are

2

classifiable in subheading 9101.29.90, HTSUS, as "Wrist watches . . . with case of precious metal or of metal clad with precious metal: . . . Other wrist watches . . . : . . . Other: . . . Having over 17 jewels in the movement: . . . Other," duty-free.  Compl. ¶ 16 (Court No. 18-136).

Ildico's primary claim in this action is that each watch is properly classifiable in heading 9101, HTSUS, because "the watch cases are wholly of 18kt gold, a precious metal, combined at the back with synthetic sapphire, a synthetic precious stone of Heading 7104, HTSUS."[1]  Compl. ¶ 18.  According to Ildico, "[b]ased on Legal Note 2, Chapter 91, Plaintiff's watches are properly classified under Heading 9101."[2]  *Id*. at 19.  Based on the tariff provisions at issue, the proper tariff classification of each watch at issue requires the consideration of facts relating to certain components of the watches, the components' constituent materials and function, and the manufacture, properties, and chemical structure of the purported synthetic sapphire crystal.

The procedural history of this action consists primarily of extensive formal fact discovery.  Ildico served four sets of requests for admissions, two sets of interrogatories, and three sets of document requests on the Government.  The Government served one set of interrogatories and one set of document requests on Ildico.  The parties also took the depositions of fact witnesses at

---

[1] Chapter 91, Additional Note 1(b) defines the term tariff term "cases" as follows:

> (b) The term 'cases' embraces inner and outer cases, containers and housings for movements, together with parts or pieces, such as, but not limited to, rings, feet, posts, bases and outer frames, and any auxiliary or incidental features, which (with appropriate movements) serve to complete the watches, clocks, time switches and other apparatus provided for in this chapter.

[2] Chapter 91, Note 2 provides:

> 2.  Heading 9101 covers only watches with case wholly of precious metal or of metal clad with precious metal, or of the same materials combined with natural or cultured pearls, or precious or semiprecious stones (natural, synthetic or reconstructed) of headings 7101 to 7104.  Watches with case of base metal inlaid with precious metal fall in heading 9102.

3

locations that were convenient to the witnesses.  Specifically, the Government deposed Ildico's USCIT Rule 30(b)(6) designated representatives in California, and Ildico deposed the Government's USCIT Rule 30(b)(6) designated representative in Washington, D.C.

Discovery in this case has been challenging because the commercial invoices do not fully describe the watches at issue, and Ildico refused to produce any of the actual watches in discovery nor the full set of specifications for the watches.  Similarly, Ildico refused to produce the bill of materials for each imported watch or the purchase orders.  Instead, Ildico made three "representative" model variations available for inspection by the Import Specialist.  During the deposition of the Government's designated representative, Ildico permitted the witness, agency counsel, and undersigned counsel to inspect a sample of the purported synthetic sapphire crystal prior to engaging in a colloquy with the witness about the crystal.  However, Ildico did not produce a sample of the crystal in discovery.

Fact discovery ended on September 19, 2023.  Ildico supplemented its discovery responses on several occasions prior to the close of discovery.  However, on December 5, 2023, for the third time, Ildico supplemented its responses to the Government's document requests with photographs that depicted the front of watches.  The photographs also contained text purporting to describe the merchandise.  Ildico did not provide any explanation as to the source of the photographs or the text, why those photographs were not served during the fact discovery period, or an explanation as to how the images are related to the imported merchandise and other documentation that plaintiff produced in this action.  The supplementation also included physical samples of purported sapphire crystals.

In an email dated January 3, 2024, counsel for Ildico, for the first time, explained that the images were obtained from "Richard Mille's internal website."  *See* Ex. A.  In a letter dated January 9, 2024, counsel for plaintiff provided a more detailed explanation as to the facts surrounding plaintiff's belated third supplementation.  *See* Ex. B.  According to plaintiff, "[t]hese photographs truly supplement the claims already made by the Plaintiff and were previously

disclosed to Defendant. These photographs are harmless: They do not raise any new, material issues prejudicial to the Defendant . . . ." *Id*.

# ARGUMENT

I. **ILDICO VIOLATED USCIT RULE 26(a)(1) AND (e) BY FAILING TO TIMELY SUPPLEMENT ITS INITIAL DISCLOSURES AND DISCOVERY RESPONSES AND SHOULD BE PROHIBITED FROM RELYING ON THE DOCUMENTS AND SAMPLES ON SUMMARY JUDGMENT OR AT TRIAL**

A. **The Standard Governing Initial Disclosures and Supplementation**

It is long established that discovery "is not a game. The process of discovery is a two-way street that is designed to allow each party to the lawsuit to discover the facts and witnesses the other party intends to present at the trial of the case." *United States v. 11 Bank Accounts*, 2008 WL 2660969, at *3 (D. S.D. July 2, 2008). As a result, litigants in this Court have the initial affirmative obligation to disclose all witnesses and documents they may use to support their case in the form of USCIT Rule 26(a)(1)(A)(i) disclosures. Indeed, USCIT Rule 26(a)(1)(A)(i) requires the parties to exchange:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

In addition, USCIT Rule 26(a)(1)(ii), requires the parties to exchange:

> a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 26(a)(1) disclosures should provide the opposing party "with information essential to the proper litigation of all relevant facts, to eleminat[e] surprise, and to promot[e] settlement." *Windom v. FM Indus., Inc.*, 2003 WL 21939033, at *2 (D. Neb. Aug. 12, 2003) (quoting

5

*Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992)). The important role that USCIT Rule 26(a)(1) plays is reflected in USCIT 26(g)(1)(A) which provides that an attorney or party, by signing initial disclosures, certifies to the best of their "knowledge, information, and belief formed after reasonable inquiry" that the disclosure is "complete and correct as of the time it is made."

Additionally, USCIT Rule 26(e) states:

> (e) <u>Supplementation of Disclosures and Responses.</u>
>
> (1) General. A party who has made a disclosure under subdivision Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . .

Pursuant Rule 26(e), "a party has a duty to turn over not only proper materials of which the party is aware but, those of which the party reasonably ought to have been aware." *Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995); *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 369 (M.D. Ala. 2001). The "timeliness" of a supplement under USCIT Rule 26(e) should be considered in the context of the Court's Scheduling Order. *Bowman v. R.L. Young, Inc.*, 2022 WL 3998641, at *3 (E.D. La. Sept. 1, 2022) ("By allowing a backdoor end-around the deadlines set forth in the Scheduling Order, this Court would be undermining the very purpose Fed. R. Civ. P. 26(e) serves in the first place."). Additionally, "timeliness under Rule 26(e)(1)(A) is measured from 'the date when the facts are discovered, not some nebulous date when counsel first realized that there was some significance to them.'" *Longlois v. Stratasys, Inc.*, 88 F. Supp. 3d 1058, 1077 (D. Minn. 2015) (quoting *Havenfield*

6

*Corp. v. H & R Block, Inc.*, 509 F.2d 1263, 1272 (8th Cir. 1975)).  "[S]upplementation is not a substitute for due diligence." *Motamed v. Chubb Corp.,* 2019 WL 11318057, at *2 (D. N.J. July 30, 2019).

Pursuant to this Court's Scheduling Order, fact discovery ended on September 19, 2023.  However, according to Ildico, **after the close of discovery**, it realized that its USCIT 30(b)(6) witness, Michelle Shipley, "might have access to additional photographs of the watches through the internal webpage."  *See* Ex. B.  Ildico then contends that almost two months passed before it produced the images and samples to the Government as part of its third supplement.  *Id*.  In an effort to portray its actions as harmless, Ildico contends that the photographs do not add any new or material information in this action.  Ildico further states that the "photographs truly supplement the claims already made by the Plaintiff and were previously disclosed to Defendant" and that it "provided photographs of the watches along with its protests."  *Id*.  Based on those facts, Ildico argues that it did not have a duty to supplement its discovery responses.  Ildico is incorrect.  Ildico's dilatory actions not only violated this Court's discovery rules and Scheduling Order, but it also has placed the Government in the position of receiving information and samples that it cannot probe.

Pursuant to USCIT Rule 26(e), a party has a continuing duty to timely supplement its initial disclosures.  According to Ildico, the photographs "supplement the claims already made by the Plaintiff and were previously disclosed to Defendant" and that "the watch photographs with descriptive information from the Richard Mille internal webpage do not provide new or material information.  *See* USCIT 26(e)(1)(A)."  Ildico further states that it provided "photographs of the watches along with its protests."  Ildico's statements trigger Rule 26(e)'s duty to supplement its initial disclosures because Ildico intends to use the images and samples to support its claims in this action.  The fact that Ildico submitted a set of images (and no samples) with its protest at the

7

administrative phase does not relieve Ildico of its obligation to timely supplement its initial disclosures in this action. Ildico concedes that the new photographs contain "descriptive information, such as the watch model and style numbers, internal reference numbers, the name of the watch, the case material and type of movement." *Id.* To the extent that Ildico intends to rely on that information to support its classification claim in this action, Ildico had an obligation to timely produce that information to the Government during the discovery period so that the Government could probe its authenticity and veracity.

Furthermore, Ildico had a duty to timely supplement its responses to the Government's document requests. The photographs are responsive to the Government's document request Nos. 3, 4, 7, 13, and 21. *See* Ex. C. Ildico has not explained why the photographs were not produced with its initial responses to the Government's document requests. Timeliness is measured from when the documents were discovered. Ildico concedes that its counsel possessed the documents on October 18, 2023. *See* Ex. B ("On October 18, 2023, she provided me with the photographs of the front of the watches that include some limited descriptive information, such as the watch model and style numbers, internal reference numbers, the name of the watch, the case material and type of movement.") Yet, Ildico did not produce the documents to the Government until December 5, 2023.

**B.  The Appropriate Sanction For Ildico's Violation Of Rule 26(e) Is The Exclusion Of Its Third Supplemental Responses**

"[L]itigants should not indulge in gamesmanship with respect to the disclosure obligations." Fed. R. Civ. R. 26(a) advisory committee's note to 1993 amendment. The "process of discovery is a two-way street that is designed to allow each party to the lawsuit to discover the facts and witnesses the other party intends to present at the trial of the case." *United States v. 11 Bank Accounts*, 2008 WL 2660969 (D. S.D. July 2, 2008). USCIT Rule 37 recognizes the

importance of discovery, and USCIT Rule 37(c)(1) sets forth the sanctions for failing to supplement a prior response to discovery, and states:

> (c) <u>Failure to Disclose, to Supplement an Earlier Response, or to Admit</u>.
>
> (1) <u>Failure to Disclose or Supplement</u>. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

USCIT Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26 "unless the violation was harmless or substantially justified." *See Moore v. Ingles Markets, Inc.*, 2015 WL 11670159 *1 (11th Cir. 2015). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted); *Zoltek Corp. v. United States*, 71 Fed. Cl. 160 (2006). "This is not a light burden as good faith is not a defense." *Bank One, N.A. v. Echo Acceptance Corp.*, 2008 WL 1766891 (S.D. Ohio April 11, 2008).

When determining whether a violation of duty to supplement is justified or harmless, courts are guided by the following considerations: (1) the prejudice or surprise to the party against whom the evidence is offered, (2) the ability of the party to cure the prejudice, (3) the extent to which introducing the evidence would disrupt the trial, and (4) the moving party's bad faith or willfulness in failing to comply with the disclosure rules. *Sprint Comm. Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290 (D. Kan. 2007).

The appropriate Rule 37 sanction for Ildico is the exclusion of the documents from trial and summary judgment.  The Government has suffered significant prejudice as a result of Ildico's discovery abuse, and that prejudice continues with each passing day.  Ildico's production of new photographs with "descriptive literature" severely hampers our ability to effectively to prepare our defense as we do not have <u>any</u> facts regarding the authenticity, credibility, or veracity of those photographs.  Ildico should not be permitted to use the photographs to support its claims.

Additionally, Ildico claims that the synthetic sapphire crystals mounted on the watches at issue are classifiable in heading 7104, HTSUS.  Heading 7104, HTSUS, has very exacting classification requirements.  *See* Explanatory Note to Heading 7104.  Ildico's belated production of the samples of synthetic sapphire crystal has thwarted the Government's ability to ascertain facts as to whether the crystal is covered by heading 7104 as plaintiff has not produced any applicable technical specifications for the sapphire crystal.  Such an inquiry most likely would have entailed an inspection by the Import Specialist and/or CBP's laboratory.

Ildico's belated production should not be countenanced.  Ildico has not provided any justification for failing to supplement its initial disclosures or discovery responses timely or why Ildico waited almost three months after the close of discovery to produce the information.  Ildico has willfully disregarded the supplementation requirements of Rule 26(e) and this Court's Scheduling Order, and should not be permitted to gain an advantage at trial by unfairly surprising the Government with a **new** documents and samples.  Accordingly, this Court should preclude Ildico from relying on its third supplement on summary judgment and at trial.

Alternatively, should the Court not preclude Ildico from relying on the information (which is the appropriate discovery sanction), the Government requests that fact discovery be reopened for ninety (90) days to allow the Government to take discovery on the documents and samples Ildico produced as part of its third supplement.

**CONCLUSION**

For all of the above reasons, defendant respectfully requests that an order be entered granting our motion to preclude Ildico from relying on its third supplement to the Government's requests for production of documents to support its claims at summary judgment or trial.

                            Respectfully submitted,

                            BRIAN M. BOYNTON
                            Principal Deputy
                            Assistant Attorney General

                            PATRICIA M. McCARTHY
                            Director

By:   /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        /s/ Marcella Powell
        MARCELLA POWELL
        Senior Trial Counsel
        Civil Division, Dept. of Justice
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York l0278
        Attorneys for Defendant
Dated: January 9, 2024        Tel. No. 2l2-264-9230 or 1873

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| ILDICO, INC., : | |
| : | |
| Plaintiff, : | Court Nos. 18-00136 |
| : | 18-00076 |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Rules of this Court in that it contains 2956 words, including text, footnotes, and headings.

/s/ Marcella Powell
MARCELLA POWELL