UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | | |
|---|---|---|
| ILDICO, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Consolidated Court Nos. |
| | : | 18-00136 & 18-00076 |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**PLANITFF'S RESPONSE TO THE DEFENDANT'S RULE 37 MOTION REGARDING PLAINTIFF'S SUPPLEMENTAL DISCOVERY RESPONSE**

The premise of the Government's USCIT Rule 37 Motion regarding the Third Supplemental Response (Supplement) of Plaintiff Ildico, Inc. is the Government "suffered significant prejudice" due to Plaintiff's "discovery abuse" which "continues with each passing day." *See* Motion at 10. This discovery abuse is predicated on the supposedly unfair advantage the "**new** documents and samples" provide to Plaintiff. *See id.* (Emphasis in original). The Government's claims are illusory. The Government forces Plaintiff to expend further resources to oppose the Government's end-run attempt to reopen discovery after what the Government rightfully characterizes as "extensive formal fact discovery" (Motion at 3).[1] Most telling is the Government does not attach Plaintiff's Supplement to its motion for the Court to confirm the Government's claims. Attached as Exhibit A is Plaintiff's Supplement.

//

//

---

[1] In addition to the discovery tools the Government lists, it requested documents as part of its USCIT R. 30(b)(6) Notice of Deposition, and it later served Plaintiff with a Second Request for Production of Documents in addition to its first set.

Consolidated Court Nos. 18-00136 & 18-00076
Plaintiff's Response to the Defendant's Rule 37 Motion

# ARGUMENT

**I.     Photographs of the Front of the Watches with Descriptive Information Are Not New**

Plaintiff's Supplement provides photographic images that "depict[ ] the front of watches. . . . [and] also contain[ ] text purporting to describe the merchandise." Motion at 4. The Government claims it does not understand how these "images are related to the imported merchandise." *Id.* Yet, the Government admonishes Plaintiff for not producing them earlier as they are "responsive to the Government's document request Nos. 3, 4, 7, 13 & 21." *Id.* at 8.

The watch images are identical to the ones Plaintiff initially submitted along with its administrative protests included in the court's record (28 U.S.C. § 2635(a); USCIT R. 73.1(a)). *Compare*, Pt. Ex. A, *with*, Pt. Exhibit B (providing pertinent pages from Protest Nos. 2720-17-101443 & 2720-17-101839 including an image[2] of each watch at issue.). The protest photographs include a "MON" number which is the specific item number for that variation (style) of watch. *Id.* at Pt. Ex. B. The MON number corresponds with a "RM" number that is for the type of Richard Mille[3] watch model.[4]

---

[2]  These pages are from the exhibits attached to the deposition taken by the Government. Plaintiff exchanged the black and white photographs provided with the exhibit of Protest No. 2720-17-101839 with the color photographs filed with the protest.

[3]  Plaintiff is the exclusive distributor in the Americas for Swiss brand Richard Mille® watches.

[4] Despite the Government's claim that Plaintiff did not produce "a full set of specifications for the watches" (Motion at 4), Plaintiff produced technical specification sheets for nine out of the ten RM models covered by this action. *See* Pt. Exhibit C. Government Counsel questioned Plaintiff's witness about a watch covered by the tenth model (RM57-01), the "Jackie Chan limited edition" watch in Protest 2720-17-101443 (Pt. Ex. B). The witness testified that Richard Mille only manufactured 15 of these watches. Richard Mille watches require hundreds of hours of handcrafting and are not mass produced. *See* www.richardmille.com.

Consolidated Court Nos. 18-00136 & 18-00076
Plaintiff's Response to the Defendant's Rule 37 Motion

The Supplemental photographs include the MON number, as well as the RM model number, the name of the watch (if applicable), the watch case material (red or white gold), the watch case gemstone settings (if applicable) and whether the watch movement is automatic winding. Pt. Ex. A. The photographs show that each of the watches is mechanical because part of the movement can be seen through the front of the watch. *See id.*

Although the Government claims it needs further discovery because it cannot "probe" this information (Motion at 8), the descriptive information is found on the commercial invoices and watch declarations for the entries covered by the protests which are part of the court record (28 U.S.C. § 2635(a); USCIT R. 73.1(a)).  Moreover, the commercial invoices provide <u>more</u> detailed information about the watch case materials than the Supplemental photos. *Compare*, the commercial invoice descriptions from the protest entry packages, *with* the information included with the images of the front of the watches from Pt. Ex. A.[5] For example, the invoices provide the specific type of gold alloy, *e.g.*, 5N 18k, as well as the carat weight and number of gemstones (*e.g.*, diamonds) set on the watch case. *See e.g.*, the commercial invoices included with Protest Nos. 2720-17-101443 and 2720-17-101839 that are part of the record (28 U.S.C. § 2635(a);

---

[5] The subject watches are highlighted on the commercial invoices and their numbers and descriptions are included in the body of the protests. One watch subject to Protest No. 2720-17-101839 (Entry No. EVJ-0175322-0) provides the following invoice description:

MON-00242   WRISTWATCH RM037 AUTOMATIC BIV WHITE GOLD PD 150 BEZEL SET
RM037           1 ROW WITH WHITE DIAMONDS ONYX & DIAMONDS DIAL

| <u>ALLOYS</u> | <u>WEIGHT</u> | <u>UNIT</u> | <u>STONES INCLUDED</u> |
|---|---|---|---|
| White Gold PD 150 | 87.78 | G | |
| Diamond | 1.71 | Carat | 248 |
| Gold 5N 18K | 0.66 | G | |

*The parties are preparing a motion for a proposed joint protective order to handle the filing of confidential exhibits. As such, Plaintiff does not provide the confidential commercial invoices with this response.

USCIT R. 73.1(a)). The motion does not explain that the Government questioned Plaintiff's witness about these two protests (*see* Pt. Ex. B) and asked what the reference numbers and descriptions mean. Deposing counsel did not question the witness about any of the other protests in the action. Counsel also did not show any of the protest photographs to Plaintiff's watchmaker (who repairs Richard Mille customers' watches), the witness most knowledgeable about the watches and their components and materials.

It is patently obvious when comparing the supplemental photographs with the protest documents and the photos submitted with the protests that <u>nothing</u> is <u>new or surprising</u> about these photographs and information because they do not add or correct anything material. *See* Pt. Ex. A, Pt. Ex. B and the commercial invoices and watch declarations; *see also*, Pt. Ex. C. Accordingly, USCIT R. 26(e)(1)(A) did not require Plaintiff to serve a supplement. Plaintiff provided these photographs as a courtesy to the Government for ease of reference because they combine, on one page, information from several documents produced to the Government. *See id.*

## II.    The Government's Claims About the Samples Are Specious

The Government's erroneous "facts" about the samples Plaintiff produced is an eleventh-hour smokescreen to reopen discovery and cause Plaintiff further expense. The Government's claim that Plaintiff "refused to produce any of the actual watches in discovery" (Motion at 4) is <u>false</u>. On September 13, 2023, Plaintiff produced for inspection three of the same style watches (*i.e.*, same MON numbers) as included in this action. *See* Ex. A (indicating the watches inspected by US Customs Senior Import Specialist Lydia Jimenez).[6]

---

[6] Plaintiff served a final supplement to the Government that includes reference to the other watch Ms. Jimenez inspected, RM07-01 (MON-00176) Automatic BIV red gold 5N medium pave with white & black diamonds red jasper & white diamonds dial, so it is clear which three watches she inspected.

4

Consolidated Court Nos. 18-00136 & 18-00076
Plaintiff's Response to the Defendant's Rule 37 Motion

As a courtesy to the Government, Plaintiff's Supplement <u>also</u> provides photographs of the watches inspected by Ms. Jimenez even though she may have taken her own. Pt. Ex. A. The motion is devoid of that fact. The Government also does not explain that Plaintiff's Supplement includes, as a courtesy, photographs of watch case parts and watch crystals inspected by Government Counsel at Plaintiff's 30(b)(6) deposition (Pt. Ex. A) because the Government may not have taken photographs of these items either.

Although the Government paints the deposition inspection as casual, it does not explain: How is this inspection any different from the Government's September 13, 2023 watch inspection? *See* Motion at 4. Plaintiff's Counsel provided the Government and its one witness with the ability to hold watch cases, crystals and gaskets (from watches later inspected by Ms. Jimenez), to see how they fit together, with the idea that this may clarify facts and streamline the issues in the case. Photographs of model RM011 front and back watch crystals and gaskets inspected by the Government are attached as Pt. Exhibit D.[7]

The Government characterizes the inspection as mere "colloquy", (Motion at 4) but it does not mention that after the inspection, Counsel deposed the Government's witness on the record about these samples to which the Government made no objections and the witness made admissions. The Government never asked for crystal samples, and it never mentioned anything about performing laboratory testing on the crystals until its motion!

---

[7] The Government also inspected case parts from a model RM011 watch in this action, (MON-00007) Automatic BIV red gold 5N sapphire dial Felipe Massa. Pt. Ex. A.

Consolidated Court Nos. 18-00136 & 18-00076<br>Plaintiff's Response to the Defendant's Rule 37 Motion

<u>As a courtesy</u>, Plaintiff's undersigned counsel intended to provide sample crystals (and gaskets) at the September 13 inspection, but because she could not attend the inspection, she did not realize that Ms. Jimenez did not receive the samples. *See* Motion Ex. B at 3.[8]

Plaintiff proposed a watch inspection in its April 19, 2023 response to the Government's first set of production requests. However, the Government did not make itself available until September <u>just six days before the close of fact discovery</u> and the day <u>after</u> it took last-minute depositions of Plaintiff's 30(b)(6) witnesses. *See* Pt. Exhibit E (providing correspondence which shows Plaintiff expressed more concern about the watch inspection taking place than the Government!). The Government's desperate attempt to convey that Plaintiff acted in bad faith to "thwart[ ] the Government's ability to ascertain facts" (Motion at 10) is a ruse. *See* Pt. Ex. E.

### III.   The Government's Concern About the Sapphire Manufacturing Is Moot

The Government's attempt to compel discovery regarding the "manufacture, properties and chemical structure of the purported synthetic sapphire crystal" (Motion at 3) is a red herring. The Government tries to disguise the fact that Plaintiff produced processing steps for the synthetic sapphire watch crystals by characterizing this document as not "applicable."  *See* Motion at 10. Plaintiff's discovery responses provide and Plaintiff's witness testified that it is public knowledge how synthetic sapphire is produced.  Inadmissible evidence or not, the Government questioned Plaintiff about these processing steps, and Plaintiff produced the name and website of the crystal manufacturer.

---

[8]  Photographs of the model RM010 front and back sapphire crystal samples produced to the Government are enclosed with the Supplement. *See* Pt. Ex. A. On September 13, 2023, Ms. Jimenez inspected a style of RM010 watch, (MON-00078) Automatic BIV Red Gold 5N Sapphire Dial. *Id.*

Consolidated Court Nos. 18-00136 & 18-00076
Plaintiff's Response to the Defendant's Rule 37 Motion

Remarkably, the Government claims it needs more time to discover how the synthetic sapphire is produced even though Customs demonstrates its intimate familiarly with this process in the Headquarters Ruling that led to this action. *See* Pt. Ex. B at HQ H285165 (Nov. 14, 2017) p. 5 (citing HQ 967923 (Jan. 13, 2006) ("[T]he sapphire wafers at issue were created by elongating a synthetic sapphire seed crystal from alumina into a boule.")). Customs' ruling even acknowledges that luxury Swiss watches, such as Richard Mille brand, use sapphire crystals! *See* Ex. B at HQ 967923 p. 1-2.

The Government's focus on the sapphire processing illustrates how it misunderstands the real issue in the action that Plaintiff intends to prove: Whether a watch crystal can also be found on the back of a watch case, not just on the front. *See* Plaintiff's 18-00136 Complaint at ¶29.[9] (It is about the <u>location</u>). If the answer is yes, pursuant to Legal Note 1(a), Ch. 91, HTSUS, (precluding "watch glasses" from classification under Ch. 91) the crystal does not constitute a part of a watch case under Additional U.S. Note 1(b), Ch. 91 (defining watch "cases") <u>regardless of the crystal's material</u>; *i.e.*, whether the material is mineral glass, sapphire or acrylic, etc.  <u>This is the preeminent legal question of Plaintiff's claim with respect to the sapphire</u>.[10] Thus, even though it is indisputable that the transparent material "mounted" to the watch cases (Motion at

---

[9]  Plaintiff does not intend to prove that the back sapphire is "combined with" the gold case. *See* Legal Note 2, Ch. 91; Complaint for 18-00136 at ¶18.

[10]  The Government points out that "Heading 7104, HTSUS, [synthetic precious stones] has very exacting classification requirements" (Motion at 10).  However, with respect to the sapphire processing, the important fact that the Government overlooks and neglected to raise with Plaintiff's witnesses is that the technical specifications (which state that the watch "crystals" are made of sapphire) also provide that they are covered on the front and back with an antiglare coating. Pt. Ex. C. Plaintiff's contention is that this makes the sapphire a watch crystal. The processing steps provide this as well.

7

Consolidated Court Nos. 18-00136 & 18-00076
Plaintiff's Response to the Defendant's Rule 37 Motion

10) is made of sapphire, <u>it is not a material fact in this action</u> (Pt. Ex. C; *see also*, Pt. Ex. B at HQ H285165 p. 1-2, 5).

The Government's attempt to reopen discovery regarding the sapphire crystal samples and their processing is a tremendous waste of time and resources for all.

### IV.     **<u>Plaintiff Disclosed the Supplemental Photographs Timely</u>**

The Government's characterization of the actions of Plaintiff's Counsel as "dilatory" (Motion at 7) is false. Under USCIT R. 26(a)(1)(ii), a party is only required to produce documents that it may use to support its claims. At initial disclosures, neither Plaintiff nor its counsel intended to rely on the Supplemental photographs. (Photos of the front of the watches and the commercial invoices are already part of the court's record). 28 U.S.C. § 2635(a); USCIT R. 73.1(a). Upon information and belief, <u>Plaintiff's Counsel did not even know the private Richard Mille web portal existed</u>, until at or around, late August 2023. On September 12, 2023, Plaintiff produced documents from the web portal responsive to the Government's deposition production request which contain images and descriptive information of replacement parts for watch models covered by this action. Government Counsel questioned Plaintiff's watchmaker about the web portal and pages. Motion Ex. B. The witness explained that as a watchmaker she is one of the few employees with access to the site and that she uses it in her usual course of business. *Id.* As such, it is not a stretch that, in addition to replacement parts, the web portal also includes photographs of the watches. Thus, the "authenticity, credibility, or veracity" (Motion at 10) of the photographs maintained on this site are not in question.

After the close of discovery when undersigned counsel received and reviewed the watchmaker's deposition transcript, it seemed from her testimony that in addition to parts, photographs of the watches may be available on the web portal. Motion Ex. B. Counsel asked the

8

Consolidated Court Nos. 18-00136 & 18-00076
Plaintiff's Response to the Defendant's Rule 37 Motion

watchmaker whether photographs exist, and she sent counsel the images. Pt. Exhibit F (attaching email correspondence).[11] Plaintiff's January 8 letter explains in detail why it took another month to send them to the Government. Motion Ex. B; *see also*, Pt. Ex. F (regarding correspondence about missing photographs and crystal samples). As such, it is disingenuous to paint Plaintiff's counsel as derelict in her duties when she signed the initial disclosures. Motion at 6,7. At that time, she did not know the Supplemental photographs existed. *See* USCIT R. 26(g)(1)(A); Motion Ex. B.

V.      **The Government Attempts to Distract from Its Own Dubious Actions**

The Government implies Plaintiff acted delinquently because it did not provide an explanation about its "belated" Supplement until its "January 9" letter.[12] *See* Motion at 4. It is the Government which acted improperly. On January 2, Government Counsel asked Plaintiff to consent to a 7-day extension of "its deadline to file motions regarding fact discovery" due to counsel "recovering from Covid." *See* Pt. Exhibit G. This confused Plaintiff's Counsel because on December 22, 2023, Plaintiff served the Government with its own letter which notified the Government of a potential Rule 37 motion. *Id.* On December 27, Government Counsel emailed that she would provide a written response. *See id.* Plaintiff's Counsel could not tell whether the Government's extension request stemmed from the need for more time to respond to Plaintiff's letter or to file its own fact discovery motions. *Id.* On January 3, Government Counsel admitted she would be able respond to Plaintiff's letter by January 5, but she evaded Plaintiff's question: Why does the Government still need a court extension? *See id.* Government Counsel finally

---

[11] Plaintiff does not attach the photographs again as they are contained in Pt. Ex. A.

[12] Plaintiff's letter is dated, Monday, January **8**, 2024. Motion Ex. B. Plaintiff emailed it the same day.

9

revealed her Covid justification was really a subterfuge when she explained that, due to other court deadlines and vacation, "We are still reviewing discovery" and the Government needs more time because it "anticipates" filing a Rule 37 motion regarding Plaintiff's Supplement and a *Daubert* motion (and Rule 37 motion) regarding expert discovery. *See id.* Until that time, Plaintiff did not know of any potential for the pending motion. *See id.*

Plaintiff's January 8 letter responded to the Government's, Friday, January 5, letter which notified Plaintiff of its intention to file a Rule 37 motion within four days. *See* Motion Ex. B; *see also*, Scheduling Order deadline of January 9, 2024. The Government responded by filing its motion on January 9.

Here, because the Government seeks to reopen (compel) discovery, its actions do not meet the consultation requirements of USCIT R. 7(b)(1)(C), 7(f) and 37(a), and the Government did not make the required certification under 37(a).

## CONCLUSION

The Government's insinuation that Plaintiff participated in "'gamesmanship'" (*see* Motion at 8) is its own projection. It is Plaintiff which suffers hardship by forced expenditure of further resources to oppose this motion. Plaintiff is the one suffering by further delay to resolve this action with "each passing day" (*see* Motion at 10) this motion is pending.

/ /

/ /

/ /

/ /

/ /

/ /

Consolidated Court Nos. 18-00136 & 18-00076
Plaintiff's Response to the Defendant's Rule 37 Motion

Based on the foregoing, Plaintiff requests the Court to outright deny the Government's motion. Further, because the Government is not substantially justified in moving the Court to reopen discovery, pursuant to USCIT R. 37(a)(1) and 37(a)(4)(B), Plaintiff seeks the Court to award payment of its reasonable expenses, including attorneys' fees, incurred in opposing this motion and any other sanction the Court deems appropriate under Rules 37 and 7(f).

Dated: January 24, 2024                    Respectfully submitted,


                              /s/ Mandy E. Kirschner
By:   Mandy Edwards Kirschner, Esq.
       Stein Shostak Shostak Pollack & O'Hara
       865 South Figueroa Street, Suite 1388
       Los Angeles, California 90017
       Telephone Number: (213) 630-8888
       Fax Number: (213) 630-8890
       E-Mail: mkirschner@steinshostak.com
       Attorney for Plaintiff

Consolidated Court Nos. 18-00136 & 18-00076
Plaintiff's Response to the Defendant's Rule 37 Motion

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI, SENIOR JUDGE

_____
                                                :
ILDICO, INC.,                                   :
                                                :
                Plaintiff,                      :
                                                :   Court Nos. 18-00136
                                                :               18-00076
                v.                              :
                                                :
UNITED STATES,                                  :
                Defendant                       :
_____:


**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the court's word count limitations.

This response contains <u>3080</u> words, including text, footnotes, and headings.


                                        /s/ Mandy E. Kirscher
                                        MANDY EDWARDS KIRSCHNER