**Slip Op. 24-9**

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ILDICO INC.,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant. | Before: Jane A. Restani, Judge<br><br>Consol. Court No. 18-00136 |

## MEMORANDUM AND ORDER

[Defendant's USCIT Rule 37 motion for sanctions is granted in part and denied in part.]

Dated: January 29, 2024

Mandy E. Kirschner, Stein Shostak Shostak Pollack & O'Hara, LLP, of Los Angeles, CA, for plaintiff Ildico Inc.

Marcella Powell, Senior Trial Counsel, International Trade Field Office, U.S. Department of Justice, of New York, NY, for the defendant.  With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-In-Charge, International Trade Field Office.

Restani, Judge:  In this matter plaintiff filed a third supplemental response to defendant's first request for production after discovery had been completed and all time periods had expired. As a sanction, defendant seeks to prevent the use of the new responses as evidence in this matter, or in the alternative, to reopen discovery.

The first aspect of the motion concerns photographs that contain written information not contained on earlier provided photographs.  The new photographs were "discovered" by counsel soon after formal discovery ended but were not immediately provided for reasons irrelevant here. Counsel claims the discovery happened because it only recently learned of an internal internet site

at the company of one of the witnesses.  Companies normally have internal internet sites, and it is unclear why plaintiff did not seek them out earlier.  In the absence of such an explanation the court concludes a sufficiently diligent search for responsive documents wasn't made during the discovery period.  Further, plaintiff's response to the Rule 37 motion asserts that the commercial invoices submitted contain more information than the new photographs and that it only provided the photographs as a courtesy, not because it was required to under USCIT Rule 26.[1]  Pl.'s Resp. to R. 37 Mot. at 3–4, ECF No. 28 (Jan. 24, 2024).  The Government, however, does not accept this courtesy.  Accordingly, this supplementation is not permitted and the new photographs containing written information will not be permitted as evidence, except by consent of the Government.

The second aspect of the Government's Rule 37 motion concerns samples of crystals.  It is unclear to the court why the crystals are produced now and why the Government objects.  The sample watches contain crystals, and the sample crystals apparently have been seen by the Government during depositions.  Plaintiff alleges that the government did not request separate crystals for examination and testing previously.

Discovery sanctions appear unsupported as to the crystals.[2]  The court admittedly, is mystified by both parties' actions as to the crystals.  Accordingly, this aspect of the motion is denied without prejudice.  Presumably, if this aspect of the discovery proceedings remains of concern to the parties, future proceedings will ensue.

---

[1] The operative language of Rule 26(e) requires a party to supplement a prior disclosure or response if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."  USCIT R. 26(e)(1)(A).

[2] "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless."  USCIT R. 37(c)(1).

For the foregoing reasons, the court **GRANTS in part and DENIES in part** the Rule 37

motion, <u>see</u> ECF No. 26 (Jan. 9, 2024).

/s/   Jane A. Restani
Jane A. Restani, Judge

Dated: <u>January 29, 2024</u>
          New York, New York