UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI, JUDGE

|  |  |  |
|---|---|---|
| ILDICO INC., | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | Court Nos. 18-00136 & 18-00076 |
| v. | : |  |
|  | : |  |
| UNITED STATES, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## [PROPOSED] ORDER

Upon consideration of the Motion for Summary Judgment, filed by Plaintiff Ildico, Inc.

and Plaintiff having shown that there is no genuine issue of material fact and that the Richard Mille

watches have a case of precious metal classified under heading 9101 and the automatic watches

(movement and case) are properly classified under 9101.21.50 HTSUS with their straps classified

under Subh. 9101.21.30 HTSUS and the watches without automatic winding (movements and

cases) are classified under Subh. 9101.29.90 HTSUS with their straps classified under Subh.

9101.29.80 HTSUS, it is hereby:

**ORDERED** that Plaintiff's Motion for Summary Judgment is, Granted, and it is further

**ORDERED** that the Court enter a judgment classifying (a): the automatic watches

(movements and cases) under Subh. 9101.21.50 HTSUS with their straps of "other" material under

Subh. 9101.21.30 HTSUS and (b): the watches without automatic winding (movements and cases)

under Subh. 9101.29.90 HTSUS with their straps of "other" material under Subh. 9101.29.80

HTSUS; and it is further

/ /

/ /

PROPOSED ORDER
Court Nos. 18-00136 & 18-00076

**ORDERED** that Customs re-liquidate the subject entries with refunds of duty, fees and taxes, including interest.

Dated: _____          _____
New York, NY                      Jane A. Restani, Judge

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

```
--------------------------------------------------
```

| | |
|---|---|
| ILDICO INC., | |
| | Court Nos. 18-00136 & 18-00076 |
| Plaintiff, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

```
--------------------------------------------------
```

## **MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rules 7 and 56 of the Rules of the Court of International Trade, Plaintiff Ildico,

Inc. moves the court for an Order granting its Motion for Summary Judgment. On April 10, 2018

and June 14, 2018, Plaintiff commenced this action by filing summonses for Court Nos. 18-00076

and 18-00136. On April 28, 2022, Plaintiff filed its complaints, and on June 21, 2022, Defendant,

United States, filed its answers. The court cases are consolidated into Court No. 18-00136. The

deadline for filing dispositive motions in this case is March 12, 2024.

This classification dispute can be decided as a matter of law because there are no material

facts in dispute and based upon the attached Memorandum of Points and Authorities, the

declarations and exhibits thereto, as well as the separate Statement of Undisputed Material Facts,

and other pleadings filed concurrently herewith, as well as upon the entire record, including the

other documents and records filed in this case.

Ildico challenges US Customs' liquidation of its imported watches under the basket heading HTSUS 9102 (and related subheadings) as "other" watches. When a GRI 1 tariff analysis is applied, these Swiss made, luxury gold watches are properly classified as watches with a case of precious metal under heading HTSUS 9101 (and related subheadings). Specifically, the automatic watches (movement and case) are classified under Subh. 9101.21.50 HTSUS. The straps of rubber or leather are classified under Subh. 9101.21.30 HTSUS. Watches without automatic winding (movements and cases) are classified under Subh. 9101.29.90 HTSUS with their straps of leather or rubber classified under Subh. 9101.29.80 HTSUS. Accordingly, Ildico is entitled to a judgment as a matter of law.

WHEREFORE, Ildico requests the court to: (1) grant its motion for summary judgment; (2) classify the (a): the automatic watches (movements and cases) under Subh. 9101.21.50 HTSUS with their straps of "other" material under Subh. 9101.21.30 HTSUS and (b): the watches without automatic winding (movements and cases) under Subh. 9101.29.90 HTSUS and their "other" straps under Subh. 9101.29.80 HTSUS; and, (3) order Customs to re-liquidate the subject entries with refunds of duty, fees and taxes, including interest.

Dated: March 12, 2024                    Respectfully submitted,

                                         /s/ Mandy E. Kirschner
                                    By:  Mandy Edwards Kirschner, Esq.
                                         Stein Shostak Shostak Pollack & O'Hara
                                         865 South Figueroa Street, Suite 1388
                                         Los Angeles, California 90017
                                         Telephone Number: (213) 630-8888
                                         Fax Number: (213) 630-8890
                                         E-Mail: mkirschner@steinshostak.com
                                         Attorneys for Plaintiff

2

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| ILDICO, INC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court Nos.  18-00136 & 18-00076 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

Mandy E. Kirschner
Stein Shostak Shostak Pollack & O'Hara, LLP
Attorneys for Plaintiff
865 S. Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888
E-Mail: mkirschner@steinshostak.com

March 12, 2024

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ...................................................................................................iv

I.    INTRODUCTION ...................................................................................................3

II.   FACTS .....................................................................................................................4

      A.  PROCEDURAL BACKGROUND ...................................................................4

      B.  DESCRIPTION OF THE WATCHES ...........................................................7

      C.  CUSTOMS RULING NY N268252 ...............................................................13

III.  QUESTION PRESENTED ...................................................................................13

IV.   STANDARD FOR SUMMARY JUDGMENT ...................................................13

V.    RELEVANT TARIFF PROVISIONS ................................................................14

VI.   ARGUMENT ........................................................................................................16

      A.  CLASSIFICATION UNDER THE BASKET HEADING
          9102 IS NOT APPROPRIATE WHEN HEADING 9101 IS SPECIFIC
          TO WATCHES WITH GOLD CASES ...........................................................17

      B.  PURSUANT TO GRI 1, THE WATCHES ARE
          CLASSIFIED UNDER HEADING 9101 AS CASES OF PRECIOUS
          METAL ...............................................................................................................17

          1.  Classification Under Heading 9101 Requires The Principal
              Parts Of A Watch Case To Be Wholly Of Precious Metal
              Or Metal Clad With Precious Metal ........................................................18

          2.  The Explanatory Notes To The Tariff
              Recognize That Bezels, Middles And Case Backs
              Are The Principal Parts Of A Watch Case ...............................................19

          3.  The Richard Mille Watch Cases Are Made
              Up Of The Bezel, Middle And Case Back ................................................22

i

**TABLE OF CONTENTS (Cont'd.)**

4.  The Crown, Winding Stem, Crown Tube And
    Pushers Are Not Parts Of The Watch Case ...............................................23

5.  The Case Screws And Washers Are Not Part
     Of The Watch Case.......................................................................24

6.  Watch Glasses Are Not Part Of The Watch
    Case...............................................................................................25

        a.  The Term Watch Glass Is Synonymous With
            The Term Watch Crystal.............................................................25

        b.  Customs' Flawed Ruling HQ H285165 Concluded
            That A Watch Crystal Is Only Found On The
            Front Of A Watch And One Cannot Be Fitted
            To A Case Back...........................................................................26

        c.  The Government Produced And Verified
            Lexicographic Watch Resources Which
            Establish That A Watch Crystal Can
            Be Fitted To A Case Back............................................................28

        d.  The Professional Dictionary of the Swiss Watch
            Industry Supports That a Watch Can Have a
            Crystal on The Case back.............................................................29

        e.  The Richard Mille Watches Have A
            Front And Back Watch Crystal That is
            Not Part of the Case.......................................................................30

7.  The Sealing Gaskets And Sealing Flange
    Are Not Part Of The Watch Case............................................................32

8.  The Richard Mille 18k Gold Watch Cases
    Are Of Precious Metal........................................................................33

C.  CUSTOMS CLASSIFIED A WATCH WITH A BACK
    CRYSTAL UNDER HEADING 9101 ............................................................36

## TABLE OF CONTENTS (Cont'd.)

**PAGE**

    D.  CLASSIFICATION UNDER APPROPRIATE
       SUBHEADINGS ...............................................................................37

**VII.**   **CONCLUSION**...........................................................................................38

**CERTIFICATE OF COMPLIANCE**.................................................................39

# TABLE OF AUTHORITIES

**CASES**                                                                                            **PAGE**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 106 S. Ct. 2505 (1986) ................................................................................. 13

Baxter Healthcare Corp. of P.R. v. United States,
182 F.3d 1333 (Fed. Cir. 1999)........................................................................................... 18

Carl Zeiss, Inc. v. United States,
195 F.3d 1375 (Fed. Cir. 1999)...................................................................................... 17, 18

John S. Connor, Inc. v. United States,
54 Cust. Ct. 213, C.D. 2536 (1965)................................................................................ 19, 33

Kahrs Int'l, Inc. v. United States,
35 C.I.T 924; 791 F.Supp.2d 1228 (CIT 2011) .................................................................. 18

Rollerblade, Inc. v. United States,
24 C.I.T. 812 (2000); Aff'd., 282 F.3d 1349 (Fed. Cir. 2002) ........................................... 17

Sabritas, S.A. de C.V. v. United States,
22 CIT 59, 998 F. Supp. 1123 (1998) ................................................................................. 18

Samsung Int'l, Inc. v. United States. v. U.S.,
36 CIT 1531, 887 F.Supp.2d 1330 (2012)........................................................................... 18

Seeberger v. Schlesinger,
152 U.S. 581 (1894)............................................................................................................. 32

Simod Am. Corp. v. United States,
872 F.2d 1572 (Fed. Cir. 1989)........................................................................................... 17

Skidmore v. Swift & Co.,
323 U.S. 134, 65 S.Ct. 161 (1944)....................................................................................... 37

United States v. Mead Corp.,
533 U.S. 218, S.Ct. 2164 (2001).......................................................................................... 37

Varsity Watch Co. v. United States,
34 C.C.P.A. 155, C.A.D. 359 (1947) .................................................................................. 19

## TABLE OF AUTHORITIES (Continued)

**PAGE**

### U.S. CUSTOMS AND BORDER PROTECTION

Customs Ruling HQ 042904 (March 11, 1976)............................................................................23

Customs Ruling HQ 950886 (Apr. 3, 1992)...............................................................................32

Customs Ruling HQ 968150 (May 30, 2006).............................................................................33

Customs Ruling HQ H285165 (November 14, 2017)...........................................................*passim*

Customs Ruling HQ NY268252 (September 25, 2015)................................................... 13, 36,37

### HARMONIZED TARIFF SCHEDULE OF THE UNITED STATES

Chapter 71, Heading 7101 ............................................................................................ 14, 18, 33
Chapter 71, Heading 7102...........................................................................................................36
Chapter 71, Heading 7103...........................................................................................................36
Chapter 71, Heading 7104....................................................................................................*passim*
Chapter 71, Heading 7116....................................................................................................26, 27
Chapter 71, Heading 7318...........................................................................................................24
Chapter 91, Heading 9101 .....................................................................................................  *passim*
Chapter 91, Heading 9102 .....................................................................................................  *passim*
Chapter 91, Heading 9108...........................................................................................................20
Chapter 91, Heading 9111....................................................................................................*passim*
Chapter 91, Heading 9112...................................................................................................... 19, 21
Chapter 91, Heading 9114....................................................................................................*passim*

### COURT RULES

U.S.C.I.T. Rule 56.......................................................................................................................13

**TABLE OF AUTHORITIES (Continued)**

**PAGE**

**OTHER**

Dictionary.com,
https://www.dictionary.com/browse/watchcase
(Last visited Mar. 3, 2024) ....................................................................................................20

Dictionary.com,
https://www.dictionary.com/browse/insignificant
(Last visited Mar. 3, 2024) ....................................................................................................19

Merriam-Webster.com (Dictionary),
https://www.merriam-webster.com/dictionary/principal
(Last visited Mar. 3, 2024) ....................................................................................................19

Merriam-Webster.com (Dictionary),
https://www.merriam-webster.com/dictionary/watch%20crystal
(Last visited March 4, 2024)..............................................................................................25, 26

Merriam-Webster.com (Thesaurus),
https://www.merriam-webster.com/thesaurus/insignificant
(Last visited Mar. 3, 2024) ....................................................................................................19

The Professional Dictionary of Horology
https://dictionary.fhs.swiss/?l=e
(Last visited Mar. 3, 2024) .................................................................................. 20, 29, 35, 36

The Watch Pages, *Watch Anatomy*,
https://www.thewatchpages.com/watch-anatomy/
(last visited March 4, 2024)..............................................................................................28, 30

Tourneau Bucherer's Watch Anatomy,
https://www.tourneau.com/watch-education/watch-anatomy.html
(Last visited Mar. 4, 2024) .............................................................................................. 27, 30, 35

U.S. Customs Informed Compliance Publication,
Classification and Marking of Watches and Clocks (February 2012)..........................................21

Windgate's Watch Dictionary
https://www.tic-tock.com/watch-dictionary
(Last visited March 4, 2024)........................................................................................... 23, 26, 28

2 Customs Law & Admin. § 7:19 (3rd Edition 2015)....................................................................19

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This action involves the classification of thirty-five styles of luxury Richard Mille® brand wrist watches manufactured in Switzerland and imported by Plaintiff Ildico, Inc. Ildico is the exclusive importer and distributor of Richard Mille watches in North and South America.

The legal question presented is whether these watches with 18 karat gold cases are classified under 9101 HTSUS, which specially provides for watches with a "case of precious metal," or in the basket heading, 9102 HTSUS, as "other" wrist watches.

Classification under heading 9101, Chapter 91, Note 2, requires the principal parts of the watch case to be wholly of precious metal.  Additionally, the cases may be ornamented with precious stones. The Explanatory Notes and the watch industry recognize that bezels, middle cases and case backs are the principal parts of a watch case.

Each of the watch cases in this action have these three principal parts and Richard Mille refers to these parts collectively as the watch case.  These cases are entirely of precious metal, namely, 18 karat gold, and some cases are ornamented with precious stones. Eighteen karat gold is the standard for fineness in the Swiss watch industry which is known for making fine, luxury gold watches.

Watch crystals, screws and gaskets serve to close or seal a case, but the tariff and Explanatory Notes show that they are not parts of watch cases. If imported separately, these parts are precluded from classification under Chapter 91, and they are not parts of watch cases under heading 9111. They do not determine whether a case is wholly of gold under heading 9101. This is also true for watch movements and dials which are classified separately.

3

Watch crystals (whether on the front or back of the case) are unique from watch cases because they must be transparent to serve their primary function of acting as a window into a watch. This differs from a metal case which functions to house, contain and protect the parts of the movement and dial inside. Finally, US Customs and Border Protection ("Customs") already ruled that a Swiss brand watch with this same feature is classified under heading 9101.

In sum, pursuant to a GRI 1 analysis, the Richard Mille watches are properly classified under heading 9101, and in their appropriate subheadings (based on the type of mechanical movement and watch strap material) because they have a case of 18k gold precious metal. Based on the evidence set forth herein, there is no genuine issue of material fact and Ildico is entitled to a judgment as a matter law. Accordingly, Ildico respectfully requests the Court grant Ildico's Motion for Summary Judgment and order the Government to re-liquidate the subject entries under heading 9101 with refunds of duties and fees, plus interest.

## II.    FACTS

### A. PROCEDURAL BACKGROUND

Ildico, which does business as Richard Mille Americas, is the exclusive importer and distributor of Richard Mille brand watches in North America. *See* Declaration of Anton Rubianto at ¶7. Richard Mille is a fictitious business name of Horometrie SA, a Swiss watch company founded in 2001 that manufactures watches in Switzerland. *Id.* at ¶9.

Ildico is the importer of the entries in this action. *See* Entry Summaries; Complaints/Answers at ¶3; Rubianto Dec. at ¶17. These imported watches are new and complete wrist watches that include the movement, case and strap. *See* Entries; Rubianto Dec. at ¶19; Commercial Invoices; Watch Declarations. There are 10 watch models in the action with 35 corresponding styles of watches. *See* Rubianto Dec. at ¶15, Exhibit 1 (providing the list of watches

4

in this action, along with the model number, style number and description).¹ Attached to the Rubianto Dec. as Exhibit 2 are stock images of the 35 watches which include the unique style (MON) number. *See also*, Rubianto Dec. at ¶16. Technical Specifications for nine of the ten Richard Mille models in this action are attached to the Rubianto Dec. as Exhibit 3. *See* at ¶20; *see also*, at ¶47 (explaining Richard Mille never produced a technical specification for the limited edition RM57-01 but the material characteristics of the two RM57-01 watches in the litigation are the same as the other watches in the litigation).

In 2016, Customs completed a classification audit of Ildico's imported Richard Mille watches. Rubianto Dec. at ¶18. Customs informed Ildico that the Richard Mille watches it audited, with crystals on the back, were classified incorrectly under heading 9101 as watches with cases of gold. *Id.* Customs instructed Ildico to classify the watches under heading 9102 as "other" watches. *Id.* Ildico filed the protests in this action to challenge this classification issue. *Id.*

Customs liquidated the subject watches under one of three tariff codes: 1) Subh. 9102.21.70, HTSUS (2016) as wrist watches other than those of heading 9101 with non-electric

---

¹ The watch model (or RM number, *e.g.*, RM010) stands for Richard Mille. *Id.* at 22. Each model provides various options for the case material and strap material. *Id.* The style number that corresponds with the specific features of the watch (the type of case material (*e.g.,* 18k white gold) for that model is called the MON number (short for montre (French for watch)). *Id.* at 23. The MON number is an internal reference number created by Richard Mille. *Id.* Several MON numbers are associated with a watch model. *Id.* (*See also*, Shipley Dec., *infra*, at ¶7-8). The RM and MON numbers are found on the commercial invoices along with the description. *See* Commercial Invoices; Rubianto Dec. at ¶22-23, 45. The watch descriptions provide the RM number followed by a description of the type of movement and movement complication (*e.g.*, automatic, tourbillon, etc.) followed by a description of the case material (either white gold PD150 or red gold 5N) followed by a description of the case setting with precious stones if applicable (*e.g.*, bezel set 1 row with white diamonds) followed by the dial material (*e.g.*, sapphire). *Id.* at ¶45. The commercial invoices provide a table with the type of 18k gold alloy used in the watch and, if applicable, the type of gemstones set on the watch case, along with the number of carats and stones included in the watch. *Id.* at 46.

(mechanical) movements, automatic winding and over 17 jewels in the movement, along with a strap, band or bracelet of textile material or of base metal at the rate of 4.2% *ad valorem* for case, 9.8% *ad valorem* for the strap, band or bracelet and $1.53 each for the watch movement (Complaints/Answers ¶11; Entries); 2) Subh. 9102.21.90, HTSUS (2015) which is the same tariff language as 9102.21.70 for the movement and case (and same duty rates) except for straps of "other" material at the rate of 2% *ad valorem* (Complaint/Answer(18-00136) at ¶13; Entries); and 3) Subh. 9102.29.60 HTSUS (2015-2016) as wrist watches other than those of heading 9101 with mechanical movements, without automatic winding (manual winding) and with over 17 jewels in the movement and with a strap, band or bracelet of "other" material at the rate of 4.8% *ad valorem* for the watch case, 2.2% *ad valorem* for the strap, band or bracelet and $1.75 each for the watch movement (Complaint/Answer (18-00136) at ¶ 15; Entries).

Ildico timely protested these liquidations and duty assessments under heading 9102 and claimed that these watches are properly classified under heading 9101 as wrist watches with a case of precious metal and in their appropriate subheadings.[2] Complaints/Answers at ¶4; Summons; Protests. On December 19, 2017 and February 14, 2018, Customs denied the protests. *See* Summonses. Complaint/Answer (18-00136) at ¶6, (18-00076) at ¶5. Ildico filed its summons for

---

[2] Specifically, Ildico claimed some of the watches were properly classified under Subh. 9101.21.50, HTSUS (2015-2016), duty free, as wrist watches with a case of precious metal or of metal clad with precious metal with mechanical movements, automatic winding and over 17 jewels in the movement (for the movement and case), and it claimed that some of the watches either had a strap of textile material or base metal under Subh. 9101.21.10, HTSUS, at the rate of 3.1% *ad valorem* or had a strap of other material under Subh. 9101.21.30, HTSUS (2015-16), at the rate of 3.1% *ad valorem*. *See* Complaints/Answers at ¶4; Protests; Summonses. Additionally, Ildico claimed some of the watches were properly classified under Subh. 9101.29.90, HTSUS (2015-2016), duty-free, as having mechanical movements with manual winding and over 17 jewels in the movement (for the movement and case), and a strap of "other" material under Subh. 9101.29.80, HTSUS (2015-2016), at the rate of 3.1% *ad valorem*. *See* Protests; Summonses.

Ct. No. 18-00136 on June 14, 2018 and its summons for Ct. No. 18-00076 on April 10, 2018. Complaints/Answers ¶6; Summonses.

## B. DESCRIPTION OF THE WATCHES

Switzerland is known for its manufacture of complicated and high-end, luxury watches with cases made of gold and other fine materials. Rubianto Dec. at ¶11. Specifically, Richard Mille is known for its tonneau (curved rectangular) shaped watch cases, like the ones in this action, which are considered one of the most difficult to produce and can take hundreds or even thousands of hours to manufacture with precision craftmanship. *See id.* at Ex. 3 (Tech. Specs.), ¶13-14; *see also*, Declaration of Michelle Shipley (Shipley Dec.) at ¶21, 26. As a result, the watches are not mass produced and are sold in limited quantities. Rubianto Dec. Ex. ¶13. Each watch in the litigation has what is known by Richard Mille and the watch industry a bezel (also known as the front), a middle case (also known as the center or body) and a case back (also known as a back or bottom). Shipley Dec. at ¶13-15; Rubianto Dec. at ¶27. Richard Mille refers to these parts as the watch case or sometimes as a tripartite case (meaning a three-part case). Rubianto Dec. at ¶27, Ex. 3; Shipley Dec. at ¶14. Photographs of sample watches and watch case parts in this action are attached to the Shipley Dec. as Exhibit 4. *See* at ¶62. The watch industry also considers these to be the three parts of the watch case. Shipley Dec. at ¶16; Rubianto Dec. at ¶27. When these parts are each of 18 karat (k) gold, the watch case is considered by Richard Mille and other Swiss brands to be a gold watch case. Shipley Dec. at ¶14; Rubianto Dec. at ¶27.

Sometimes in the industry there can also be just two parts of a watch case. Shipley Dec. at ¶16. Depending on the watch brand, sometimes the case back and middle case are one solid construction with a separate bezel. *Id.* In other watches, the middle case and bezel are one solid construction with a separate case back. *Id.* The arrangement varies, but these components, whether

7

in three separate pieces or two pieces, are what the watch industry considers a watch case. *Id.* at
16-17.

The watch case functions to house, contain and protect the parts of the movement and the
dial. Shipley Dec. at ¶18; Rubianto Dec. at ¶28. The case is what provides the structure, bulk and
weight to the watch. Shipley Dec. at ¶18; Ex. 4 (photos) at ILD000339-40. The movement is
enclosed in the watch case, and it is the engine that powers the watch. *Id.* at ¶20. Other parts found
inside the case are assembled together, along with the movement, to tell the time, and they include
the dial, hands, indices and other markings. Shipley Dec. at ¶19, 58. Each of the watches have
mechanical movements with over 17 jewels in the movement and some of the watches are manual
winding. Rubianto Dec. ¶24-26; Ex. 3 (Tech. Specs.); Shipley Dec. at ¶20; Watch Declarations.[3]
The watches have either a rubber or leather strap. Rubianto Dec. at ¶48.

Each watch in this court action has a case (bezel, middle and case back) made of 18k gold.
Shipley Dec. at ¶22; Rubianto Dec. at ¶22, 29; Commercial Invoices. Although Richard Mille does
sell watches with cases of different materials, for example, titanium, those watches are not in this
action. Shipley Dec. at ¶29; Rubianto Dec. at ¶22. Eighteen karat gold means that gold comprises
75 percent of the weight of the metal alloy (metal mixture). Shipley Dec. at ¶24; Rubianto at ¶30.
Twenty five percent of the weight is of other metals which provides for the various colors of gold
and also helps to strengthen the metal. Shipley Dec. at ¶24; Rubianto at ¶32. Eighteen karat gold
is the standard in the industry for watches with gold cases. *Id.* Shipley Dec. at ¶24.

The 18k gold case parts (bezel, middle and case back) are either of red or white gold.
Shipley Dec. at ¶28; Rubianto Dec. at ¶31; Commercial Invoices; Watch Declarations. The

---

[3] Only the watch styles that are Model Nos. RM19-02, RM51-02 and RM57-01 are manual
winding. Rubianto Dec. at ¶26; Ex. 3; Commercial Invoices. The rest are automatic winding. *Id.*

different color of gold is derived from the other metals found in the gold alloy. Shipley Dec. at ¶28; Rubianto Dec. at ¶32. The 18k white gold is made up of 75% weight of gold and 25% weight of other metals, palladium, nickel and silver. Rubianto Dec. at ¶31. The shade of red gold known as, "5N," is made up of 75% weight of gold and 25% of copper. *Id.*

Some of the watches in the litigation have cases set with diamonds or sapphire gemstones on the bezel, middle case and on the case back. Shipley Dec. at ¶31; Rubianto Dec. at ¶34. The precious stones ornament the case and add to their beauty and value. *Id.* Collectively, the 18k gold case parts produced by Richard Mille cost Ildico tens of thousands of dollars to replace and the cases set with diamonds and sapphires cost even more. Shipley Dec. at ¶27; Rubianto Dec. at ¶35.

The right-hand side of the case back of each watch bears either an "18k" marking and/or an "[AU] 750" marking. Shipley Dec. at ¶30, Ex. 4 (ILD000336, 338, 344); Rubianto Dec. at ¶36. Eighteen karat is 75% weight of gold and AU 750 is 750 parts per 1000 of gold. *Id.* AU is the periodic table symbol for gold. *Id.* This represents the fineness of the gold. *Id.* Also, on the right-hand side of the case back is the Swiss Precious Metals Control hallmark, known as the Swiss "Dog Head' stamp. *Id.* Since 1995, Swiss law requires this stamp appear on all precious metal watches to certify the fineness of the gold case back. Shipley Dec. at ¶30. The case backs of the watches in this litigation display a code, either WG (white gold) or RG (reg gold), for the type of 18k gold. Shipley Dec. at ¶30, Ex. 4 (ILD000336, 338, 345); Rubianto Dec. at ¶37, Ex. 3 at p. 065, 093 & 106.[4]

---

[4] Please note: Because the Richard Mille technical specification sheets are for the watch models which have various corresponding styles (with associated MON numbers), some of the featured watch images in the specification sheets are of watch styles with an 18k gold case and some are of other materials (titanium) not in this action. Rubianto Dec. at ¶38, Ex. 3; Also, the depicted watches may have different markings. *Id.*

When the case is assembled, the bezel sits on top of the middle case. Shipley Dec. at ¶32. Each bezel is rectangular shaped with an open center designed to fit and hold a transparent synthetic sapphire known as and referred to as the front watch crystal. Shipley Dec. at ¶32-33, 36; Rubianto Dec. at ¶39, 41, Ex. 2, 3. The front crystal which sits above the dial and on top of the movement protects the dial and movement from dirt, dust and water. Shipley Dec. at ¶33, 35. The front and back of the crystal have an antiglare coating called Blue-Violet ARdur® which helps one to better see through into the watch and the crystal protects the movement from sun exposure. Rubianto Dec. at ¶40, Ex. 3; Shipley Dec. at ¶33-34. The transparent synthetic sapphire allows someone to see-through into the watch and view the parts of the dial, the hands and the indices/markers to tell the time. Shipley Dec. at ¶35. Additionally, the crystal allows one to see through either a dial of transparent sapphire material (Ex. 2 at 20) or a dial with an aesthetically open design (Ex. 2 at 48) or see around a small piece dial (Ex. 2 at 25) to view the aesthetics of the inner workings. *See also*, Shipley Dec. at ¶35; Rubianto Dec. at ¶40.

The front crystal can be mounted to the top of the bezel with use of a plastic gasket that is secured and sealed with pressure. Shipley Dec. at ¶38. With this construction, a rubber o-ring gasket is also placed inside the case to seal the bezel and middle case. *Id*. The crystal can also be placed on the underside of the bezel and held into place by a rubber o-ring gasket that itself is held into place with a stainless steel sealing flange. *Id*. at ¶38-39. These and other gaskets seal the case against debris and water up to a certain depth. *Id* at ¶38-39, 48. Representative physical samples of the gaskets are attached to the Shipley Dec. as Exhibit 5. *See id*. at ¶63. Images and diagrams of the various gaskets are found in the diagrams and images of watch parts attached to Shipley Dec. as **Confidential** Exhibit 6 at ILD000317-18, 363. *See* Shipley Dec. at ¶64-65.

The middle case which sits below the bezel and above the case back holds and secures the movement. *Id.* at ¶40. It is fastened to the middle case with titanium screws and sits on rubber washer gaskets to cushion the contact between the movement and gold middle case. *Id.*

Like the bezel, the case back is rectangular shaped with an open center designed to fit and hold another piece of transparent synthetic sapphire that is covered on the back with the same Blue-Violet ARdur® antiglare coating as on the front. Shipley Dec. at ¶32-33, 41-42, Ex. 4 (photos); Rubianto Dec. at ¶39-40, 42 Ex. 3 (tech. specs). The transparent synthetic sapphire fitted to the case back of the watches allows someone to see into the watch and observe the aesthetics, the craftmanship and the functioning of the inner workings of the watch movement. Shipley Dec. at ¶43, Ex. 4; Rubianto Dec. at ¶40, Ex. 3. The sapphire is above the movement and it protects the movement from dirt, dust and water. Shipley Dec. at ¶43. This sapphire is known by Richard Mille as a watch crystal. Shipley Dec. at ¶44-45; Rubianto Dec. at ¶41, Ex. 3. According to Ildico's watch maker, Michelle Shipley, in the industry, case backs with open centers that are fitted with a crystal, like the watches in this action, are called exhibition or open case backs. Shipley Dec. at ¶49-50. Richard Mille and other luxury brand watches use sapphire crystals because they are strong and scratch resistant compared to other watch materials, such as mineral glass and acrylic. Shipley Dec. at ¶51. Sapphire crystals must be transparent to perform their function to act as a window into a watch. *Id.* at ¶52. Richard Mille purchases the front and back sapphire crystals from a third-party who manufacturers watch crystals. *See* **Confidential Version** of Rubianto Dec. at ¶43; Shipley Dec. at ¶54. The front and back crystals have different Richard Mille replacement part numbers. Shipley Dec. at ¶53, Ex. 6 at ILD000311-315, (326, 350) & (360, 373). The crystals are the same except for slight differences in size and shape. Shipley Dec. at ¶53, Ex. 5 (physical crystal samples); Rubianto Dec. at ¶44, Ex.3, ¶42.

The back crystal is always mounted to the outside of the case back by use of a plastic crystal gasket which is pressed into place and secured with pressure. Shipley Dec. at ¶46. On the inside of the case, a rubber case back gasket is placed on a groove of the case back and the other side of the gasket rests on the middle case to seal the case. *Id.*

Each of the gaskets in the watches, including the ones attached to the bezel, cost Ildico less than $20 to replace. *Id.* at 47.

In addition to the crystals, Richard Mille watches provide customers with a look into the inner workings of the movement (the gear train, balance wheel and escapement) by removing the solid parts of the base plates and bridges in what is known as skeletonizing the movement. Shipley Dec. at ¶56. Richard Mille also does this by using transparent sapphire dials, open aesthetically designed dials or small dials in conjunction with parts, sometimes known as dial or chapter rings, that allow one to see around or through the dial into the movement instead of using a full opaque dial plate. Shipley Dec. at ¶57-58; Rubianto Ex. 2 (watch photos).

The bezel, middle and case back are fastened together by titanium screws with a stainless steel (or copper-nickel-zinc) washer placed between the screw and case. Shipley Dec. at ¶59; Rubianto Ex. 3 (Tech Specs). Titanium screws are used rather than gold because they are more difficult to break and gold is not suitable to ensure water resistance. *Id.*

On the side of each case is a crown that functions to wind the movement's mainspring and/or set the time via a winding stem that attaches to the movement through a hole in the middle case. *Id.* at 60. An 18k crown tube is mounted in the middle case which goes around the stem to protect it and create a seal inside of the crown for water resistance. *Id.* Most of the crowns are made of 18k gold and some are set with diamonds, and they include a décor gasket which helps to turn the crown and protect it from damage. *Id.*

12

Several of the watches in this litigation have pushers (buttons) on the side of the middle case which contact the movement through holes in the case to perform a function on the movement, such as operating the stopwatch timing function, known as the chronograph function. *Id.* at 61. Other models have pushers that select a function on the movement to change the crown's function when it is wound (*i.e.*, to either allow the crown to wind the watch or to set the time). *Id.* The pushers have a push-piece guard of titanium, etc. to protect the pusher from damage. *Id.*

### C. CUSTOMS RULING NY N268252

In 2015, Customs issued New York Ruling Letter N268252 (Sept. 25, 2015) which classified a Swiss manufactured wristwatch with an "18k white gold case" from Switzerland under heading 9101. The case file reveals that the watch was described as having a "sapphire-crystal case back." *See* Declaration of Mandy Kirschner at Exhibit 7. (Case File for NYRL N268252).

### III.   QUESTION PRESENTED

Whether the Richard Mille® watches with 18k gold cases from Switzerland are classified under heading 9101 (and applicable subheadings), which specifically provides for wrist watches with cases of precious metal or under the basket heading 9102 (and applicable subheadings as "other" wrist watches?

### IV.   STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment is appropriate where, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." USCIT R. 56(d); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510 (1986).

Material issues involve "facts that might affect the outcome of the suit under the governing law."
*Id.* at 248. There is no genuine issue unless there is "sufficient evidence favoring the nonmoving
party for a [trier of fact] to return a verdict for that party." *Id.* at 249.

There is no genuine issue of material fact regarding the parts Richard Mille refers to as the
18k gold bezel, middle and case back. The dispositive issue, whether the imported watches have a
case wholly of precious metal which classifies them under heading 9101, is legal in nature.
Accordingly, because the evidentiary support establishes that the principal parts of the watch cases
are of precious metal, Ildico is entitled to a judgment as a matter of law.

## V.    RELEVANT TARIFF PROVISIONS

9101    Wrist watches, pocket watches and other watches, including stop watches, with case of
precious metal or of metal clad with precious metal:

\*\*\*

9102    Wrist watches, pocket watches and other watches, including stop watches, other than those
of heading 9101:

\*\*\*

### Chapter 91 Notes

1. This Chapter does not cover:

(a) Clock or watch glasses or weights (classified according to their constituent material);

. . .

(c)    Parts of general use defined in Note 2 to Section XV, of base metal (Section XV), or similar
goods of plastics (Chapter 39) or of precious metal or metal clad with precious metal
(generally heading 71.15); clock or watch springs are, however, to be classified as clock or
watch parts (heading 91.14);

2.    Heading 9101 covers only **watches** with cases wholly of precious metal or of metal
clad with precious metal, or of the same materials combined with natural or cultured
pearls, or precious or semiprecious stones (natural, synthetic or reconstructed) of
headings 7101 to 7104. Watches with case of base metal inlaid with precious metal
fall in heading 9102. (Emphasis added).

14

## HTSUS General Note 3

(v) the terms "wholly of", "in part of", and "containing", when used between the description of an article and a material (e.g., "woven fabrics, wholly of cotton"), have the following meanings:

(A) "wholly of" means that the goods are, except for negligible or insignificant quantities of some other material or materials, composed completely of the named material;

\*\*\*

With regard to the application of the quantitative concepts specified above, it is intended that the de minimis rule apply.

## Additional U.S. Notes to Chapter 91

1. For the purposes of this chapter:

\*\*\*

(b) The term "cases" embraces inner and outer cases, containers and housings for movements, together with parts or pieces, such as, but not limited to, rings, feet, posts, bases and outer frames, and any auxiliary or incidental features, which (with appropriate movements) serve to complete the watches, clocks, time switches and other apparatus provided for in this chapter.

## Explanatory Notes to Chapter 91

In accordance with Note 2 to this Chapter, watches of this heading must have cases wholly of precious metal or of metal clad with precious metal. They may be set with gem stones or with natural or cultured pearls and may be fitted with a cover or have a bracelet of precious metal. (Emphasis added).

\*\*\*

A clock or watch is composed of two main parts: the **movement** and the **container** for the movement (case, cabinet, etc.). (Emphasis in original).

\*\*\*

The assembled movement, together with the dial and hands, is fitted in the container or case.

/ /

/ /

/ /

**Explanatory Note to 9111 in relevant part**

91.11 - Watch cases and parts thereof.

\*\*\*

This heading covers in relevant part:

(A) **Cases for the watches of heading 91.01 or 91.02** (pocket-watches, wrist-watches, chronograph watches, etc.), with or without glasses, presented without movements.

(B) **Parts of these cases**, including:

(1) **The case bod**y, i.e., the <u>framework</u> of the case. It may have **hinges** for the bottom, and in pocket-watches the case bodies have also hinges for the dome and the bezel.

\*\*\*

(4) **The bezel**, the part which holds the glass. The edge for holding the glass in place is more especially referred to as the **groove**.

(5) **The bottom**, which closes the watch on the opposite side from the glass.

\*\*\*

Wrist-watch cases often consist of only two parts, the <u>case body and the bottom being combined</u>. Sometimes, the bottom and the bezel each bear one part of the dome, <u>or the bezel and the case body are in one piece</u>. . . .Watch cases and parts thereof may be of any material. They are mainly made of base metal (steel, nickel, etc., polished, chromium-plated, silvered or gilded), or of <u>precious metal, or of metal clad with precious metal</u>, or sometimes of plastics, ivory, agate, mother-of-pearl or tortoise-shell. They may be <u>ornamented</u> (engine-turned, engraved, chased, <u>trimmed</u> with natural or cultured pearls, natural, synthetic or reconstructed <u>precious</u> or semi-precious <u>stones,</u> etc.). The heading **excludes**: (a) Simple protective covers for watches, nor watch glasses; these are classified in their own appropriate headings. (b) Parts of general use as defined in Note 2 to Section XV[.] (Parts of pocket watches omitted). (Bold in original, emphasis added).

## VI.    ARGUMENT

The Richard Mille luxury watches are classified properly under heading 9101 and related subheadings because the watch cases (bezel middle and case back) are wholly of 18k gold and some are combined with precious stones. The Explanatory Notes recognize that the bezel, middle and case back are the principal parts of a watch case. These are the parts that serve to house, contain and enclose the movement and dial. The tariff language makes it clear that watch crystals and

other insignificant parts are not considered part of the case and do not affect the classification. Whether a transparent sapphire crystal is located on the front or the back of the case, the watch industry recognizes that it is a crystal. Accordingly, the Richard Mille watches fall squarely under heading 9101 and related subheadings (which are classified according to the type of movement and strap material).

### A. CLASSIFICATION UNDER THE BASKET HEADING 9102 IS NOT APPROPRIATE WHEN HEADING 9101 IS SPECIFIC TO WATCHES WITH GOLD CASES

There are two watch headings in Chapter 91, HTSUS, heading 9101 and heading 9102. Customs instructed Ildico to classify the imported watches under heading 9102 as watches "other than those of heading 9101" rather than under the specific heading, 9101, which specially provides for "cases of precious metal." Rubiano Dec. at ¶18. Classification under a "basket" heading "is appropriate only when there is no tariff category that covers the merchandise more specifically." *Rollerblade, Inc. v. United States,* 24 C.I.T. 812, 815 (2000), *aff'd,* 282 F.3d 1349 (Fed. Cir. 2002). As explained below, heading 9101, is the specific heading for these luxury Swiss watches with a watch case of 18k gold.

### B. PURSUANT TO GRI 1, THE WATCHES ARE CLASSIFIED UNDER HEADING 9101 AS CASES OF PRECIOUS METAL

General Rule of Interpretation 1 ("GRI 1") provides that classification is determined according to the terms of the headings and any applicable section or chapter notes. *Carl Zeiss, Inc. v. United States,* 195 F.3d 1375, 1379 (Fed. Cir. 1999*)*. "Absent contrary legislative intent, HTSUS terms are to be construed according to their common and commercial meanings, which are presumed to be the same." *Carl Zeiss,* 195 F.3d citing *Simod Am. Corp. v. United States*, 872 F.2d 1572, 1576 (Fed. Cir. 1989). To determine the common meaning of a tariff term, "the court may

17

rely on its own understanding of the terms used, and may consult lexicographic and scientific authorities, dictionaries, and other reliable information." *Carl Zeiss*, 195 F.3d at 1379 citing *Baxter Healthcare Corp. of P.R. v. United States*, 182 F.3d 1333, 1337 (Fed. Cir. 1999). In determining the common meaning or understanding of an industry term, the court may also consider expert opinions, as advisory, to the extent that they are consistent with lexicographic and other reliable sources. *Kahrs Int'l. Inc. v. United States,* 35 CIT 924, 937, 791 F.Supp.2d 1228, 1240–41 (2011); *Samsung Int'l, Inc. v. United States*, 36 CIT 1531, 1548, 887 F.Supp.2d 1330, 1334 (2012).

Although the World Customs Organization Explanatory Notes (ENs) are not legally binding on the United States, they "generally indicate the 'proper interpretation' of provisions within the HTSUS . . . [and] are persuasive authority for the Court when they specifically include or exclude an item from a tariff heading." *Sabritas, S.A. de C.V. v. United States*, 22 CIT 59, 62, 998 F. Supp. 1123, 1127 (1998) (emphasis added).

### 1. Classification under heading 9101 requires the principal parts of a watch case to be wholly of precious metal or metal clad with precious metal

Wrist watches are classified under heading 9101 when they have a "case of precious metal or of metal clad with precious metal." Legal Note 2 to Ch. 91 explains that a case of precious metal is one that is "wholly of" either: (1) precious metal; (2) metal clad with precious metal or (3) of either of these materials combined with, *inter alia*, precious stones of headings 7101 to 7104 HTSUS.

Under tariff General Note (GN) 3(v)(A), "wholly of" means that in addition to a named material (*e.g.*, precious metal), the article (*e.g.*, the watch case) can also include "negligible or insignificant quantities of some other material or materials." The *de minimis* rule applies to whether something is insignificant. *Id.* Insignificant is defined as "unimportant, trifling or petty"

or    "too    small    to    be    important."    Dictionary.com,    *available    at*,
https://www.dictionary.com/browse/insignificant (last visited Mar. 3, 2024). As applied to tariff
classification, *de minimis non curat lex* means:

> An ingredient or a component may or may not be disregarded for tariff purposes,
> not necessarily because of the quantity present, but on the basis of varying
> circumstances, including the purpose of Congress and whether or not the amount
> of material has changed the nature of the article or its salability. (Emphasis added).

2 *Customs Law & Admin.* § 7:19 (3rd Ed. 2015) citing *Varsity Watch Co. v. United* States,

34 C.C.P.A. 155, C.A.D. 359 (1947) (referencing internal citations); *John S. Connor, Inc.*

*v. United States*, 54 Cust. Ct. 213, C.D. 2536 (1965) (referencing internal citations). *See*

Kirchner Dec. at Exhibit 8.

The opposite of insignificant is principal. *See* Merriam-Webster.com (Thesaurus)

(providing *principal* is an antonym of *insignificant*.), *available at* https://www.merriam-

webster.com/thesaurus/insignificant (last visited Mar. 3, 2024). *See also*, Kirschner Dec. Exhibit

9 (providing dictionary definition pages). When used as an adjective, *principal* means "(1): most

important, consequential, or influential: CHIEF[.]" Merriam-Webster.com (Dictionary), *available*

*at* https://www.merriam-webster.com/dictionary/principal (last visited Mar. 3, 2024).

It follows that classification under heading 9101 is determined by whether the principal

parts of the watch case are of precious metal, metal clad with precious metal or those materials

combined with precious gemstones. GN 3(v); Ch. 91, Note 2.

## 2. The Explanatory Notes to the Tariff Recognize that Bezels, Middles and Case Backs Are the Principal Parts of a Watch Case

The Notes to Chapter 91 do not define the term "watch cases." Although Additional

US Note 1(b) defines "cases," for purposes of Chapter 91, this includes watch cases of

heading 9111, clock cases (and similar cases) of heading 9112 and other cases. It is not

limited to the principal parts of a watch case that determine classification under heading

9101.[5] Additional U.S. Note 1(b) states:

> The term "cases" embraces inner and outer cases, containers and housings for movements, together with parts or pieces, such as, but not limited to, rings, feet, posts, bases and outer frames, and any auxiliary or incidental features, which (with appropriate movements) serve to complete the watches, clocks, time switches and other apparatus provided for in this chapter.

The Explanatory Notes (ENs) to Chapter 91 provide that a clock or a watch consists of

"two main parts: the **movement** and the **container** for the movement (case, cabinet, etc). . . . The

assembled movement, together with the dial and hands, is fitted in the container or case."

(Emphasis in original). The case is what contains the movement and the parts of the dial. *See id.*

The guts of the watch case, *i.e.*, movements, dials, hands and other watch parts, are distinct from

the case and classified under separate headings, *i.e.*, heading 9108 ("Watch movements) and

heading 9114 ("Other clock or watch parts"). *See* Subheadings to heading 9114; ENs to 9114.

Lexicographic resources define a watch case as the box, container or housing for the parts

of the movement and dial. *See* Federation of the Swiss Watch Industry (Federation Horlogere

(FH)), *The Professional Dictionary of Horology*, a.k.a., the Berner Dictionary, *available at*

https://dictionary.fhs.swiss/?l=en (defining a *case* as, "Small casket used to hold a watch. Case or

box for a wristwatch.") (last visited Mar. 3, 2024), *see* Kirschner Dec. Ex. 9; Dictionary.com

(defining *watchcase* as, "the case or outer covering for the works of a watch."), *available at*

https://www.dictionary.com/browse/watchcase (last visited Mar. 3, 2024). Similarly, in the watch

industry, the case is understood to be the structural component, *i.e.*, the house that contains the

movement and parts of the dial. Shipley Dec. at ¶18; Rubianto Dec. at ¶28. The movement is the

---

[5] Please note: There is no tariff provision for clock cases of precious metal. *See* Ch. 91 HTSUS.

engine of the watch inside the case that works together with the parts of the dial to allow the watch to tell time. Shipley Dec. at ¶19.

The ENs to heading 9111 ("Watch cases and parts thereof") specifically provide that <u>wrist</u> watches[6] of either 9101 or 9102 have three parts: A bezel, body[7] and bottom or two parts, consisting of either: 1) The body and bottom combined with a separate bezel or 2) The bezel and body combined with a separate bottom. *See* ENs to 9111. This is the same as in the watch industry. Shipley Dec. at ¶15-16. In the watch industry, the body is also known as a center or middle case. *Id.* at ¶15. The bottom is also known as a case back or a back. *Id.* Whether imported either <u>as part of a whole case or imported separately</u>, these parts are classified under <u>heading 9111</u>. *See* ENs to 9111. These are the parts collectively known as the watch case. *See* ENs to 9111; Shipley Dec. at ¶17; Rubianto Dec. at ¶27, Ex. 3 (Tech. Specs. referring to tripartite case at 55, 60, etc.).

By contrast the ENs to heading 9112, which cover parts of clock cases and other similar cases, include other parts of cases, such as frames, pedestals, stands and feet for clock cases. Further, US Customs Informed Compliance Publication, *Classification and Marking of Watches and Clocks* (Feb. 2012) at 10 shows that the broad language of Additional US Note 1(b) applies to the additional parts of "clock cases":

> <u>Clock cases</u> embrace inner and outer cases, containers and housings for movements, together with parts or pieces, such as, but not limited to, rings, feet, posts, bases and outer frames which serve to complete the clock. <u>Additional U.S. Note 1 (b) to Chapter 91, HTSUS, is noted</u>. Often a clock movement will have an inner case, which immediately surrounds the movement, and an outer case which surrounds the inner case and other parts of the clock. The outer cases must be marked in accordance with the special marking requirements of chapter 91. Emphasis added.
> (Copy attached to Kirschner Dec. as <u>Exhibit 10</u>).

---

[6] The ENs specify other parts for pocket watches that wrist watches do not have.

[7] The body provides the "framework" of the case. *Id.*

In sum, the principal parts of a watch case are the bezel, middle and case back.

### 3. The Richard Mille Watch Cases Are Made Up of the Bezel, Middle and Case Back

Here, the Richard Mille watch cases have just three principal parts: The front (bezel), middle case (body) and case back (bottom). Shipley Dec. 13-17, Ex. 4; Rubianto Dec. at ¶27. These are collectively known and referred to by Richard Mille as the watch case or tripartite case. Rubianto Dec. at ¶27, Ex. 3 (Technical Specs.); Shipley Dec. at ¶14. They provide the structure,[8] framework, bulk and weight to the watch and together they house and contain the movement and the parts of the dial (*see* Explanatory Note to Ch. 91). Shipley Dec. at ¶18-19. The bezel provides the framework and structure for the front (top) of the watch case, it protects the dial and movement and sits on top of the middle case. Shipley Dec. at ¶18, 32, 62, Ex. 4; Rubianto Ex. 2. The bezel also holds a watch glass. ENs to 9111; Shipley Dec. at ¶32-37, Ex. 4; Rubianto Ex. 2. The watch movement is held within the middle case and is secured to the middle case with metal screws. Shipley Dec. at ¶40. The middle case sits in between the bezel and the case back. *Id.* The case back provides the framework and structure for the back of the watch, and it covers and protects the movement. Shipley Dec. at ¶18, 41, 62, Ex. 4; Rubianto at ¶42, Ex. 3. The cases can take hundreds or even thousands of hours to produce and require precision craftsmanship. Rubianto ¶13, Ex. 3 (description of watch cases). The value of the cases can be tens of thousands of dollars to replace. Shipley Dec. at ¶27; Rubianto ¶35. In sum, the principal parts of the Richard Mille watch cases that must be of precious metal are the bezel, middle and case back; *i.e.*, the watch case.

---

[8] *See*, EN to 9111 (defining case body).

## 4. The Crown, Winding Stem, Crown Tube and Pushers Are Not Parts of the Watch Case

Each watch in this action includes a crown which is found on the outside of the case that attaches to a winding stem inserted directly into the movement through a hole in the middle case. Shipley Dec. at ¶60, Ex. 4, Ex. 6 (ILD000322); Rubianto Ex. 2. The stem is covered with an 18k gold crown tube. Shipley Dec. at ¶60, Ex. 4 at ILD000345 (middle case with crown tube still attached). The crown is used to wind the mainspring on the movement or set the time. Shipley Dec. at ¶60. Most of the crowns are of 18k gold and some are even set with diamonds.[9] *Id.* The crowns have a small piece attached (décor gasket) to help grip and protect the crown. Shipley Dec. at ¶60. However, watch crowns, winding stems and crown tubes are part of watch movements classified under heading 9114, not parts of cases. *See* ENs to 9114 ("Parts of Watch Movements") (A)(7)) (including the crown and winding stem).

Some of the watches have a "special feature" or "mechanism" on the movement called a chronograph. *See* Additional U.S. Note 1(a) (defining "watches") & 1(g) (defining "rough watch or clock movements"). This is a stopwatch timing function. Shipley Dec. at ¶61. These watches have one or two "pushers," (buttons) found on the side of the case that contact the movement through holes in the case. Shipley Dec. at ¶61; Rubianto Ex. 2. The buttons start, stop or reset the chronograph function or select a function on the movement to change the crown's function. *Id.* Each pusher is of 18k gold with a small protective cover. Shipley Dec. at ¶61, Ex. 6.

Pushers are also parts of movements that extend outside the case. *See* Windgate's Watch Dictionary, *infra*, Ex. 13 at GOV001483 (defining push buttons and pushers), full text, available at https://www.tic-tock.com/watch-dictionary; *see also*, HQ 042904 (Mar. 11, 1976) (analyzing

---

[9] Shipley Dec. at ¶61. The crowns include a small décor gasket to grip the crown and protect it from damage. *Id.* Some of the watches provide a small, ceramic aesthetic collar. *Id.*

HN 2(d) [to Sch. 7, Pt. 2, Subpart E], TSUS, (with the same language as Additional US Note 1(b) to Ch. 91) to determine that a similar "push button assembly" attached to the movement is part of the movement) at Kirschner Dec. Exhibit 11 (Misc. CBP Rulings). Accordingly, these are not parts of the case and do not determine classification under heading 9101.

### 5. The Case Screws and Washers Are Not Part of the Watch Case

The three parts of the case are fastened together with titanium screws and stainless steel or copper-nickel-zinc washers. Shipley Dec. at 59; Rubianto Ex. 3 (Tech. Specs.). However, screws and washers of base metal are precluded from classification under heading 9111 as parts of general use. Chapter 91, Note 1(c); Section XV, Note 2. The ENs to 9111 explain that screws are not parts of cases:

> **The heading excludes**: (b) Parts of general use as defined in Note 2 to Section XV (which include springs for watch cases), of base metal (Section XV) and similar goods of plastics (Chapter 39). (Emphasis added).

Similarly, screws (and other parts of general use) used to fasten or secure a movement or dial are excluded as parts of movements or dials under heading 9114. *See* ENs to heading 9114 (providing that pursuant to Chapter 91 Note 1, screws are classified in their "own respective headings."). The term "parts of general use" from Section XV, note 2(a), provides for articles of heading 7318 and similar articles of other base metals. Heading 7318 includes screws, washers and similar articles. Under Section XV, Note 3, titanium, stainless steel, copper, nickel and zinc are base metals. Parts of general use of precious metal are also precluded from classification under Chapter 91, such that even watch cases fastened with gold screws are not part of a watch case. Ch. 91, Note 1(c) HTSUS.

Thus, the titanium case screws and base metal washers *per se* do not impact the classification of the watches under heading 9101.

24

### 6. Watch Glasses Are Not Part of The Watch Case

Note 1(a), Ch. 91 provides that "watch glasses" are precluded from classification under Chapter 91 and classified according to their constituent material. The ENs to 9111 explain that watch glasses are not parts of cases:

**The heading excludes**: (a) Simple protective covers for watches, nor watch glasses; these are classified in their own appropriate headings. (Emphasis in original).

Likewise, EN (a)(1) to heading 9114 explains that watch glasses are not classified under this heading as other parts of watches. "These parts are classified under their own appropriate headings." *Id.* Under a GRI 1 analysis, watch glasses are not parts of cases and do not determine classification under heading 9101.

### a. The Term Watch Glass is Synonymous with the Term Watch Crystal

The term "watch glass" is not defined by Chapter 91, HTSUS. The Government's only witness, Reema Bogin, admitted that Customs consults lexicographic resources to define a term when it is not provided by the tariff. *See* Kirschner Dec. Exhibit 12 (Deposition of Reema Bogin) at p. 253:8 – 254:6. During discovery, the Government produced watch glossaries and dictionary definitions in response to Plaintiff's Request for Production No. 33, associated with Plaintiff's Interrogatory No. 3: "State each fact on which Defendant relies to support its contention that the synthetic sapphire, found on the back of the watches covered by this consolidated case, is part of the watch case." and No. 34, associated with Plaintiff's Interrogatory No. 4: "State Defendant's understanding of its contention that the synthetic sapphire, found on the back of the watches covered by this consolidated case, is not a watch crystal." *See* Kirschner Dec. at Exhibit 13 (Gov't Responses to Production Requests & Produced Watch Glossaries). *Inter alia*, these sources provide definitions for "watch crystal." *See id.* at GOV001474, Merriam-Webster.com, *available*

25

*at* https://www.merriam-webster.com/dictionary/watch%20crystal (last visited Mar. 4, 2024) (defining *watch crystal* as, "a concavo-convex glass covering the dial of a watch" and providing this is also called a "watch glass") and Windgate's Watch Dictionary at GOV001483, *available at* https://www.tic-tock.com/watch-dictionary (last visited Mar. 4, 2024) (providing under *crystal*, "Pocket watch crystals were originally made of glass."). Ms. Bogin admitted that the terms, *watch crystals* and *watch glasses* are synonymous and not defined by the tariff. *See* 171:13 - 172:8; *see also* Shipley Dec. at ¶55.

### b. Customs' Flawed Ruling HQ H285165 Concluded that a Watch Crystal Is Only Found on the Front of a Watch and One Cannot Be Fitted to a Case Back

During an audit of Ildico in 2016, Customs determined that certain Richard Mille watches with a crystal fitted on the case back should be classified under heading 9102. Rubianto Dec. at ¶18. This led Ildico to challenge this classification through protests. *Id.* Customs Headquarters issued ruling letter, HQ H285165 (Nov. 14, 2017), in response to the Protest No. 2720-17-101443 covered by this action. *See* Kirschner Dec. Exhibit 14 (HQ H285165 & Related Rulings). The Government's witness, Ms. Bogin, authored that ruling. *See* HQ H285165; Ex. 12 (Bogin Depo) at 67:5-68:4. The only issue Customs raised is whether the case is wholly of precious metal due to the synthetic sapphire "mounted into the caseback." HQ H285165 at 3-4.

Customs concluded that, unlike the front transparent sapphire crystal held by the bezel, the back synthetic sapphire held by the case back is not a crystal, but a highly processed article of heading 7116. *Id.* at 4, 5. Customs' conclusion is erroneous. Customs relied on rulings which classified synthetic sapphire wafers, created in a lab and used in industrial applications as articles of sapphire. *See id.* at p. 5, FN5; Ex. 14 (copies of cited wafer rulings). However, Customs did not realize that the ENs to heading 7116 preclude worked precious stones, that are parts of watches,

from classification under Heading 7116. As such, the back sapphire could not be separately classified under 7116. *See* 7116 ENs. Customs' flawed conclusion begs the question: If imported separately, what is the proper classification of these "articles of sapphire"?

Further, Customs erroneously concluded that the back sapphire is not a watch crystal because it limited the definition of a crystal to only one found on the front of the watch case. *See* HQ H285165 at 6. Customs' cursory review of its own research led to this flawed decision. One of the watch resources on which Customs relied to define "crystal," is from Tourneau Bucherer's website, which provides the *Watch Anatomy* glossary of watch terms.[10] *See* HQ H285165 at p. 1 citing to http://www.tourneau.com/watch-education/watch-anatomy.html; *see also*, Ex. 13 at GOV001452. It defines "Crystal" as: "[T]he "glass" that covers the face of the watch and protects it from dirt and water." Ex. 13 at GOV001452.

In discovery, the Government also produced the same Tourneau glossary as support why the sapphire on the case back is not a watch crystal. *See* Ex. 13 (Gov't Response to RFP Nos. 33-34), GOV001450-1456. However, Customs overlooked another term from this same watch glossary, *Exhibition Case Back*, which is a case back "fitted with a sapphire crystal to show movement finishing." (Emphasis added). *Id.* at GOV001451. Tourneau's definition now includes either a "mineral or sapphire crystal[.]" *See* https://www.tourneau.com/watch-education/watch-anatomy.html (last visited Mar. 4, 2024). The first page of this watch glossary provides a diagram of the front and the back of a watch. Ex. 13 at GOV001450. The back of the watch includes, "Exhibition Case Back" pointing to the metal ring (case back) on the back of the watch. *Id.* For the full diagram, *see also*, https://www.tourneau.com/watch-education/watch-anatomy.html. The

---

[10] Tourneau Bucherer is largest authorized retailer of watches in the United States. Shipley Dec. at ¶3 and Tourneau's website, https://www.tourneau.com/. Ildico's own watchmaker previously worked as a watchmaker for Tourneau. Shipley Dec. at ¶3-4.

movement can be seen through the back crystal which is the transparent center of the ring. *See id.* Thus, Customs erroneously concluded that a watch crystal is limited only to the front of a watch.

### c. **The Government Produced and Verified Lexicographic Watch Resources Which Establish that a Watch Crystal Can Be Fitted to a Case Back**

Ironically, the Government produced additional lexicographic resources which explain that a watch can have a crystal, not just on the front of the watch, but also on the back. *See* Kirschner Dec. Ex.13. Specifically, The Watch Pages glossary, Ex. 13 at GOV001467 defines a watch "crystal" as: "[T]he glass covering the face or back of a watch protecting it from dirt, water, and other elements." Windgate's Watch Dictionary, Ex. 13 at GOV001484, explains that an "exhibition back" or "display back" have crystals on the back so that the "movement may be viewed easily." The Watch Pages glossary explains that a case back can be open or closed. *Id.* at GOV001467. An open back allows one to "see the movement through the glass covering the case back." *Id.* Emphasis added. A closed back is a solid screwed down case back. (Emphasis added). Thus, watches can have either an open or closed case back. *Id.* Open case backs, (also known as exhibition or display backs) are fitted with a crystal to observe the movement. *See D*efinitions, *supra*, *see also*, Shipley Dec. at ¶49.

The Windgate's Watch Dictionary explains that an exhibition case back is often used in conjunction with a skeletonized movement. *See* Ex. 13 at GOV001486 (defining "skeleton" as, "A mechanical watch movement that has had as much material cut away from the plates and dial as possible during the manufacturing process to render the greatest view possible of the watch wheels and escapement. It is normally cased in a watch case where the crystal is mounted on both the front and back to create a very decorative watch." (emphasis added)). A skeleton watch with an open case back allows one to see through

28

both the <u>front crystal,</u> as well as the <u>back crystal,</u> to view the aesthetics of the front and back of the mechanical movement. *Id.*

The Government consulted these definitions and produced them in response to Ildico's interrogatory and request for production responses. *See* Ex. 13. Ms. Bogin verified the Government's Interrogatory Responses and acted as the person most knowledgeable and willing to testify about the Government's responses to the Interrogatories and Requests for Production. Ex. 12 at p. 18:8-19:8 (& Depo. Ex. 1), 21:19-22:14 (& Depo. Ex. 9), 183:10-184:11; Ex. 13 (verification page). <u>Ms. Bogin, testified that these watch glossaries are "valid" sources for defining watch parts, including what is a watch crystal. *Id.* at p. 253:8 – 254:13 (Depo Ex. 19).</u>

### d. The Professional Dictionary of the Swiss Watch Industry Supports that a Watch Can Have a Crystal on the Case Back

The FH Professional Dictionary of Horology, *supra* at 20, contains around 6,000 watch related terms (defined in four languages) that are reviewed by watch experts. *See* Kirschner Dec. at ¶4, Ex.9. This dictionary defines watch *glass* to include transparent synthetic material which is fitted to the <u>back</u> of the watch to observe the movement. *See* Ex. 9 (defining a *glass* (*watch glass*) as a: "Thin plate of mineral glass or <u>transparent synthetic material,</u> . . . which protects the internal contents of watches and clocks. <u>Fitted to the front or back</u> of time-keeping instruments to allow the time to be read and the inner workings to be viewed). Emphasis added. This dictionary also explains that sapphire crystals are used in high end watches because they are very hard, strong and scratch

resistant.[11] *Id.* at (*Sapphire*); *see also*, ENs to 7104 (providing that synthetic precious stones (sapphire) are used for their color, hardness and scratch resistance). Because synthetic sapphire reflects more light than mineral glass, antireflective coatings are applied to one or both sides of the sapphire to reduce glare and increase dial and movement transparency. *Id.* As such, Customs was correct to note in its ruling that sapphire crystals have antireflective coatings. *See* HQ H285165 at 6.

In sum, these lexicographic sources show, while a watch must have a front crystal to display time, a watch can also have a sapphire crystal fitted to the case back, which, along with a skeletonized movement, allows one to observe the beauty of the inner workings from both the front and back. *See id.* at GOV001467, 1484-86. What sets crystals apart from the metal case is that they must be transparent to act as a window into the watch. Shipley Dec. at ¶5; *see also*, Ex. 12 (Bogin Depo) at p. 171:13-20; HQ H285165 at 6.

### e.   The Richard Mille Watches Have a Front and Back Watch Crystal That Is Not Part of The Case

Each watch in this action has a transparent piece of synthetic sapphire fitted to the bezel and one fitted to the case back. *See* Shipley Dec. ¶33, 42; Rubianto ¶39, 41. These are referred to by Richard Mille as watch crystals in its technical specifications (Rubianto ¶41, Ex. 3) and in the names of its replacement parts. (Shipley Dec. ¶33, 44, Ex. 6 (showing two different crystal replacement part numbers for the same watch model at ILD000311-315, (326, 350) & (360, 373)).

---

[11] The Tourneau glossary explains there are three types of watch crystals: synthetic sapphire (the most expensive and hardest type which is transparent, made in a lab and "used in the majority of watches imported from Switzerland"); mineral glass ("used in watchmaking for hundreds of years" but easy to scratch and are cheap) and acrylic (also easy to scratch but can be buffed). Ex. 13 at GOV001452; *see also*, The Watch Pages glossary at GOV001467. Customs recognizes these are the three types of crystals and that luxury Swiss watches use sapphire crystals. HQ H285165 at 1-2.

Both synthetic sapphires have antireflective coatings to reduce glare and better view the inner workings of the watch. Rubianto ¶40, Ex. 3; Shipley Dec. at ¶33-35, 42-43. Like the front crystal, the back crystal closes the watch to protect against the elements. Shipley Dec. at ¶35, 43. Further, neither one holds the movement. *See* Shipley Dec. ¶40. However, unlike an opaque gold case, both transparent sapphire crystals, act as a window to see through the watch and observe the aesthetics and the function of the inner workings of the watch (dial and movement). Shipley Dec. at ¶35, 43. Specifically, the front crystal of the watches allows one to see the face of the watch to read the time, and it allows one to see into the skeletonized movement of these Richard Mille watches through a dial of transparent sapphire material (Ex. 2 at 20) or an open aesthetically designed dial (Ex. 2 at 48), or it allows one to see around a small dial piece (Ex. 2 at 25) to view the movement. Shipley Dec. at ¶35. Likewise, the exhibition case back design along with the back crystal of the Richard Mille watches allows one to see into the watch to view the craftmanship of the inner workings and the functioning of the movement. Shipley Dec. at ¶43, 49-50; Ex. 3. Accordingly, each watch includes a front and back crystal. Ex. 3; Shipley Dec. at ¶37, 45.

The sound conclusion that both transparent sapphires are watch crystals and not part of the case is in line with the exclusion of watch crystals as parts of cases from the ENs to 9111 and with the requirement from Ch. 91, Note 1(a) that watch glasses are classified according to their constituent material.

Assuming, *arguendo*, that the front sapphire constitutes a crystal but the other sapphire is part of the case, then this would lead to the illogical result: If imported separately, the front crystal is classified under heading 7104 as synthetic sapphire and the other is classified under 9111 as part of the case. This would be so, even though both crystals are of the same material, have the same antireflective coating, are produced by the same crystal manufacturer and are virtually identical.

31

**Confidential** Rubianto Dec. at ¶39-40, 43-44; Ex. 3; Shipley Dec. at 33-34, ¶42, 53; Ex. 5 (physical crystal samples). The logical conclusion is: Both transparent sapphires are watch crystals which, pursuant to Ch. 91, Note 1(a) and the ENs to 9111, do not affect classification under heading 9101.

## 7. **The Sealing Gaskets and Sealing Flange Are Not Part of the Watch Case**

The watch case achieves water resistance through using a series of gaskets to seal the case at points where it is vulnerable to moisture intrusion. *See e.g.*, Shipley Dec. at ¶38, 39, 48. These points are between the crystals and the case, in between the case parts and between the crown and the middle case. *Id.* at ¶38, 39, 60. The crystals that are mounted and pressed into place use a hard plastic gasket. *Id.* at ¶38. Watches where the gasket is placed on the underside of the bezel use an o-ring gasket made of a softer, flexible rubber material that is mounted and held into place by a stainless steel sealing flange. *Id.* at ¶39. The crown gasket is also rubber. *Id.* at ¶60. These gaskets cost less than $20 and are almost always replaced during a repair service *Id.* at ¶47.

However, sealing gaskets and o-rings which function to seal the case, are parts of general use akin to washers and screws. *See e.g.,* HQ 950886 (Apr. 3, 1992) (classifying plastic o-rings as parts of general use under Subh. 3926.90.45 as other gaskets, washers and other seals.) *See* Kirschner Dec. at Ex.11. Similarly, the stainless steel flange which holds the crystal gasket in place on some models, is akin to a part of general use. *See* Section XV Note 2(c) (mountings and fittings of heading 8302 are parts of general use).

Even if these minor parts do not qualify as "parts of general use" they are the type of minor, insignificant and inexpensive parts that are *de minimis. See Seeberger v. Schlesinger*, 152 U.S. 581, 587 (1894) (explaining the *de minimis* principle that incidental

32

or immaterial parts (screws, knobs, buttons) do not determine classification as opposed to necessary and significant parts); *see also, John S. Connor v. US*, 54 Cust. Ct., *supra*, at 220 (holding the *de minimis* rule applies . . . to the extent that an article should not be considered to be in part of bamboo when the bamboo is a mere incident or immaterial part of the entire article, or when the bamboo component does not enhance its value and has no purpose in commerce, by contrast to a like component of wood."). Emphasis added.

Customs recognizes that "watches with case wholly of precious metal" classified under heading 9101 "may have minor parts [gaskets and flanges] composed of other materials[.]" *See* HQ 968150 (May 30, 2006) at 5 (finding a watch with a bezel of stainless steel was not "wholly of" gold under heading 9101 because a bezel is a principal part of the case) Kirschner Dec. at Ex. 11. As such, these minor parts are trifles: They do not affect classification under heading 9101.

In sum, the Richard Mille watch cases consist only of three principal parts: The bezel, middle and case back. These are the parts that determine classification of the watch under heading 9101.

## 8. The Richard Mille 18k Gold Watch Cases Are of Precious Metal

The materials that are required for classification under heading 9101 are either precious metal or metal clad with precious metal. Chapter 91, Note 2 provides that watch cases can be of one of these named materials and combined with precious stones of 7101 to 7104. *See* also ENs to Ch. 91 (providing for setting with precious stones); ENs to 9111 (providing for cases ornamented with precious stones). As explained, *supra*, the phrase, "cases wholly of precious metal or metal clad with precious metal," found under Ch. 91, Note 2, means the principal parts of the case must be of one of these named materials.

33

Emphasis added. *See also*, GN 3(v)(A) (defining "wholly of"). Thus, if the principal parts of the case are of precious metal or metal clad with precious metal, then watch is classified under heading 9101.

Chapter 71 Note 4(a), defines the material, precious metal, to include gold, silver and platinum. This term also includes alloys[12] with "as much as" two percent weight of any precious metal. *See* Ch. 71 Note 5; *see also*, ENs to Ch. 71, Note 5. (This includes alloys of gold: 2% or greater weight of gold and either no platinum or less than 2% platinum). *Id.* at Note 5 & 5(b); ENs to Ch. 71, 5(B). Mixtures of less than 2% precious metals combined with base metals are alloys of base metals (Section XV). *See* ENs to Ch. 71. The definition of precious metals from Ch. 71 is used throughout the tariff schedule, including under heading 9101 unless context dictates otherwise. *Id.* at Note 6.

The language of Ch. 91, Note 2 supports that precious metals includes gold alloys. For example, heading 9101 provides for metal clad with precious metal defined under Ch. 71, Note 7 as, base metal covered in any thickness with precious metal through various means. *See* Ch. 71 Note 7; EN to Ch. 71, Note 7. It follows that Ch. 91, Note 2 cannot require essentially 100% precious metals to make up the principal parts of the case. Further, Ch. 71, Note 7 explains that, unless the context requires, this definition of metal clad with precious metal is used throughout the tariff and it includes base metal inlaid with precious metal. However, Ch. 91, Note 2, qualifies the definition of metal clad with precious metal, so that it does not include watches with cases of base metal inlaid with precious metal, and it expressly classifies this type of material under heading 9102. *See id.*

---

[12] Alloys are mixtures of metals. *See* Ch. 71 Notes & ENs to Ch. 71 (defining alloys of precious metal) and Section XV (Base Metals), Note 5 (defining alloys of base metal); *see also*, ENs to Section XV, Note 5.

Unlike the definition of metal clad with precious metal, Ch. 91, Note 2 does not qualify the definition of precious metal other than to additionally allow for embellishment with precious stones, etc. *See also*, ENs to Ch. 91 and ENs to 9111. Accordingly, the term precious metals used in heading 9101 and Ch. 91, Note 2 includes gold alloys.

It is logical that the tariff provides for gold alloys because 18k gold is the standard for cases in the watch industry. The Tourneau glossary explains that watch cases are made of materials, such as 18k gold, 14k gold, gold plated, stainless steel, titanium and ceramic. *See* Ex. 13 at GOV001451. It shows that 18k gold (yellow, rose and white) is the industry standard for Swiss gold watch cases. *See id.* (explaining that 14k gold and gold-plated cases are rarely used in Swiss made watches and that 24k gold (which is not categorized as a case material) is the softest) *Id.*; *see also*, Shipley Dec. at ¶26 (24k gold (100% gold) is not used in the watch industry because it is too soft and can scratch and damage easily).

Eighteen karat gold is 75% weight of gold. *See* Ex. 13 (Tourneau) at GOV0001451. The 25% weight provided by other metals gives the gold alloy its different colors and helps to strengthen the gold. Shipley Dec. at ¶24; Ex. 13 at GOV000145. Even 18k "yellow" gold includes 25% weight of other metals such as copper and silver. Rubianto Dec. at ¶ 33. *The Professional Dictionary of Horology*, *supra,* explains that the "usual fineness" of gold in Switzerland is 750% (expressed in thousandths) which is 18k. *See* definition of *gold* at Ex. 9. As such, 18k gold is a case of precious metal under heading 9101.

Here, each of the Richard Mille cases (bezel, middle and case back) in this action are made entirely of either red or white 18k gold (75% gold). Shipley Dec. at ¶22, 28; Rubianto Dec. at ¶29, 31, 46; Commercial Invoices (providing (1) the type of gold alloy used in the watch case, *i.e.*, red gold 5N (for 18k red gold) or PD150 (for 18k gold) and (2)

35

a table of the weight (in grams) of the gold alloy (*e.g.*, 5N18k) used to make the case (and the dial if applicable)). Please note: 5N is a type of 18k red gold. Ex. 9 (*Professional Dictionary of Horology* defining *gold*). Richard Mille produces watches with cases of materials other than gold (ceramic, etc.), but none of these are at issue here. Shipley Dec. at ¶29, Rubianto Dec. at ¶22. The type of gold alloy, *e.g.*, RG for 18k red gold or WG for 18k white gold is also marked on the case back. Shipley Dec. at ¶30; Ex. 2 (ILD000344-45); Rubianto Ex. 3 at p. 065, 093 & 106. The case back also includes the 18k and/or (AU) 750 marking and the Swiss Metals Control Dog Head hallmark to certify the fineness of the gold. *Id.*

Some Richard Mille watches have cases of 18k gold that are set with diamond and/or sapphire gemstones. Rubianto Dec. at ¶34, 64; Shipley at ¶31; *see also*, Commercial Invoices (providing a description of the stone setting and a table of the weight (in carats) and number of stones in the watch). Pursuant to headings 7102 and subheading 7103.91, diamonds and sapphires, respectively, are classified as precious stones. These precious stones add further beauty and craftmanship to the gold cases, as well as add to their value. Shipley Dec. at ¶31.

Accordingly, because the Richard Mille tripartite cases are made entirely of 18k gold (and some cases are set with diamonds and/or sapphires to adorn the case), and these are the principal parts that make up the watch case, pursuant to GRI 1, the watches have a case wholly of precious metal. Accordingly, the watches are classified correctly under heading 9101.

## C. CUSTOMS CLASSIFIED A WATCH WITH A BACK CRYSTAL UNDER HEADING 9101

Customs issued Ruling NY N268252, *supra*, based on, *inter alia*, a "photograph and descriptive information about the watch." (Ex. 7). Customs' case file reveals that the ruling covers a Swiss-Made Patek Philippe watch with a "sapphire crystal" on the back. *Id.* at

ILD000299-300. Utilizing this information, Customs concluded that the watch with a "white gold case" is classified under heading 9101. *See* NY N268252. Accordingly, NY Customs agreed that watches with back crystals are classified under 9101. This ruling is still available through Custom Ruling Online Search System (CROSS). It is still the official position of Customs and warrants some deference with respect to consistency with how the agency's interpretation of heading 9101 should be applied to Ildico's watches with the same feature. *United States v. Mead Corp.*, 533 U.S. 218, 234, 121 S. Ct. 2164, 2175 (2001) citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-40, 65 S.Ct. 161 (1944) ("*Skidmore 's* holding that an agency's interpretation may merit some deference whatever its form, given the "specialized experience and broader investigations and information" available to the agency . . . and given the value of <u>uniformity in its administrative and judicial understandings of what a national law requires</u>" still stands. (emphasis added)).[13]

## D. CLASSIFICATION UNDER APPROPRIATE SUBHEADINGS

Because classification under heading 9101 is appropriate, the watches (movement and case) are further subclassified as mechanical (non-electric watches) with over 17 jewels in the movement. *See* Rubianto Dec. at ¶24-25, Ex. 3 (Tech. Specs.). Their classification is further subdivided based on whether they are automatic winding watches. Only the RM51-02, RM19-02 and RM57-01 model watches are manual winding. *Id.* at ¶26, Ex. 1 (List of Watches). The other models are automatic. *Id.* Each of the watches have either leather or rubber straps (Rubianto Dec.

---

[13] By contrast, the inconsistency of NY N268252 with HQ H285165 issued for the Richard Mille watches further demonstrates why HQ H285165 is not entitled to deference by the court. *Skidmore*, 323 U.S. at 140 (deference to a ruling will depend on *inter alia*, "consistency with earlier and later pronouncements.").

at ¶48) which are classified as "other" material under Subh. 9101.21.30, HTSUS, for automatic watches or under Subh. 9101.29.80, HTSUS, for manual watches.[14] *Id.* The watch movement, cases and straps should be classified accordingly.

## VI.    CONCLUSION

For the foregoing reasons, Ildico respectfully requests the court grant its Motion for Summary Judgment and order the Government to re-liquidate the subject entries by classifying (a): the automatic watches (movements and cases) under Subh. 9101.21.50 HTSUS and their straps of "other" material under Subh. 9101.21.30 HTSUS and (b): the watches without automatic winding (movements and cases) under Subh. 9101.29.90 HTSUS and their straps of "other" material under Subh. 9101.29.80, HTSUS, and order the Government to refund Ildico all deposited duties and fees, with interest, as well as grant Ildico any other relief the Court deems appropriate.

Dated: March 12, 2014                          Respectfully submitted,

                                               /s/ *Mandy E. Kirschner*

                                        By:    Mandy E. Kirschner
                                               Stein Shostak Shostak Pollack & O'Hara, LLP
                                               Attorneys for Plaintiff
                                               865 S. Figueroa Street, Suite 1388
                                               Los Angeles, California 90017
                                               Telephone: (213) 630-8888
                                               E-Mail: mkirschner@steinshostak.com

---

[14] The duty rate is the same regardless of the material.

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| ILDICO INC | x | |
| | : | |
|     Plaintiff, | : | |
| | : | Court No. 18-00136 & 18-00076 |
|     v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
|     Defendant. | : | |
| | : | |
| | x | |

## CERTIFICATE OF COMPLIANCE

Ildico Inc.'s Memorandum of Points and Authorities in support of its Motion for Summary

Judgment complies with Chambers Procedures word limitation requirement of less than 14,000

words. According to the word processing system used to prepare the Memorandum in Support of

Plaintiff's Motion, there are 11,998 words contained in the Memorandum.

> Respectfully submitted,
> Stein Shostak Shostak Pollack & O'Hara, LLP

> By:    //s// Mandy Kirschner
>        Mandy Kirschner, Esq.
>        Attorneys for Ildico Inc.
>        865 S. Figueroa St., Suite 1388
>        Los Angeles, CA 90071
>        (213) 630-8888
>        E-Mail: mkirschner@steinshostak.com

Dated: March 12, 2024