# United States Court of Appeals for the Federal Circuit

---

**ILDICO INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1337

---

Appeal from the United States Court of International Trade in No. 1:18-cv-00136-JAR, Senior Judge Jane A. Restani.

---

Decided: July 30, 2026

---

STEPHEN CARL TOSINI, Law Office of Stephen Tosini, Washington, DC, argued for plaintiff-appellant. Also represented by MANDY ANN EDWARDS KIRSCHNER, ELON ABRAM POLLACK, Stein Shostak Shostak Pollack & O'Hara, LLP, Los Angeles, CA.

MATHIAS RABINOVITCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, New York, NY, argued for defendant-appellee. Also represented by AIMEE LEE, PATRICIA M. MCCARTHY, JUSTIN REINHART MILLER, MARCELLA POWELL, BRETT SHUMATE; FARIHA

KABIR, Office of Assistant Chief Counsel, United States Customs and Border Protection, New York, NY.

_____

Before TARANTO, BRYSON, and CUNNINGHAM, *Circuit Judges.*

BRYSON, *Circuit Judge.*

This is a tariff case about watches. Ildico Inc. appeals from a decision of the United States Court of International Trade ("the Trade Court") holding that ten models of wrist watches imported from Switzerland were properly classified under heading 9102 of the Harmonized Tariff Schedule of the United States ("HTSUS"). *Ildico Inc. v. United States*, No. 18-00136, 2024 WL 4648084 (Ct. Int'l Trade Nov. 1, 2024) ("*Trade Court Decision*"); Appellant's Br. 2. Ildico argues that the watches should have been classified under HTSUS heading 9101, which carries lower duty rates than heading 9102. The cases of the watches at issue are made mostly of gold, but the cases include large transparent crystal windows on the backs of the watches that allow for viewing the internal watch components from the rear. We agree with the Trade Court that because the windows on the backs of the subject watches are made of synthetic sapphire crystal, the watch cases are not made "wholly of precious metal," and therefore, given the arguments made and preserved by Ildico, the watches are not eligible for classification under heading 9101.

I

A

Richard Mille luxury watches are manufactured in Switzerland. Ildico is the exclusive importer and distributor of Richard Mille watches in this country. The watches at issue are all made of 18-karat gold and have transparent crystal windows on the front and back of each watch. *Trade Court Decision*, at *1–2. The transparent crystal window

on the front of each watch allows the wearer to view the dials that display the time.  The transparent crystal window on the back of each watch "reveal[s] the movement and protect[s] the watch from damage."  *Id.* at *2.

HTSUS heading 9101 covers "[w]rist watches . . . with case of precious metal or of metal clad with precious metal." Heading 9102 covers "[w]rist watches . . . other than those of heading 9101."  Chapter Note 2 to HTSUS chapter 91 clarifies that "[h]eading 9101 covers only watches with case wholly of precious metal or of metal clad with precious metal" and combinations of those materials with pearls or stones in headings 7101 to 7104.  In this appeal, properly classifying the Richard Mille watches at issue turns on whether the crystal windows that make up a significant part of the back of each of the subject watches means that the watch cases are not made "wholly of precious metal."[1]

B

In 2016, an audit by United States Customs and Border Protection ("Customs") found that the subject watches had been improperly classified under heading 9101, and that the watches should be classified under heading 9102 instead.  *Trade Court Decision*, at *1. Specifically, Customs classified the watches under subheadings of heading 9102, covering the "movement," the "case," and the "strap," respectively.  Ildico argued that the watches should have

---

[1]    The HTSUS defines "wholly of" to mean "goods are, except for negligible or insignificant quantities of some other material or materials, composed completely of the named material."  HTSUS Additional U.S. Rules of Interpretation General Note 3(h)(v)(A) (2016).  Ildico does not suggest that the crystal windows on the rear of the subject watch cases constitute a "negligible" portion of those cases. *See Trade Court Decision*, at *5 n.9; *see generally* Appellant's Br. 8–21.

been classified under three similar subheadings of heading 9101 covering the movement, the case, and the strap, respectively. The duties on the watches under heading 9102 were higher than they would have been under heading 9101. *See id.* at \*2 & n.3; J.A. 21.

After Customs denied Ildico's protests, Ildico brought this action in the Trade Court challenging the classification. In a thorough opinion, the Trade Court judge upheld Customs' classification decision. The court began by characterizing the issues as "whether the sapphire crystal backs are watch glasses, as alleged by plaintiff, and, if so, whether satisfying the definition of 'watch glass' renders the crystal backs separate from 'watch cases.'" *Trade Court Decision,* at \*6. After reviewing various general dictionary and industry-specific definitions of "watch glass," the court concluded that a watch glass may be on either side of the watch and that the "sapphire crystal backs are therefore 'watch glasses.'" *Id.* at \*7.

Turning to the second issue, the Trade Court explained that because the back of each of the subject Richard Mille watches is partly made of sapphire crystal, the watch glass on the back of the watch is part of the case, and the case is therefore not "wholly of" precious metal. *Id.* at \*7–8. For that reason, the court found that the subject watches were not covered by heading 9101. *Id.* at \*8.

Ildico took this appeal from the Trade Court's judgment.

## II

There are two steps for classifying imported goods under the HTSUS. "First, the trial court must construe the meaning of terms in a given tariff provision," which is a question of law that we review de novo. *Blue Sky the Color of Imagination, LLC v. United States*, 160 F.4th 1334, 1338 (Fed. Cir. 2025) (citation and internal quotation marks omitted). "Second, the trial court must determine if the

merchandise at issue falls within the tariff provision that the court just construed," which is a question of fact that we review for clear error. *Id.* (citation and internal quotation marks omitted).

"The HTSUS comprises three binding sources of classification: (1) headings that specify general categories of products, (2) subheadings that segregate products within each category, and (3) chapter notes." *Nutricia N. Am., Inc. v. United States*, 159 F.4th 1344, 1351 (Fed. Cir. 2025) (citation omitted). Chapter notes are "an integral part of the HTSUS, and have the same legal force as the text of the headings." *Id.* (citation and internal quotation marks omitted). Tariff terms are generally given their common and commercial meanings, which are presumed to be the same. *Id.* We also may consult the Harmonized Commodity Description and Coding System ("HTS") explanatory notes "maintained by the World Customs Organization" that are nonbinding but can help resolve interpretive disputes "about the meaning of headings and relevant section or chapter notes." *Id.* at 1351, 1355.

## III

### A

As the Trade Court noted, the core dispute in this case is whether the presence of a crystal window on the back portion of each of the subject watches results in the watch cases not being made "wholly of precious metal." *Trade Court Decision*, at *4. Resolving that dispute requires us to interpret the HTSUS.

Chapter 91 of the HTSUS covers "clocks and watches and parts thereof." As noted above, heading 9101 covers wrist watches "with case of precious metal." Heading 9102 covers wrist watches other than those falling within heading 9101. Those two headings cover complete watches, not parts of watches.

Other provisions of chapter 91 cover parts of watches that may be imported other than as components of complete watches. For example, heading 9108 covers "[w]atch movements, complete and assembled." Heading 9110 covers complete watch movements unassembled or partly assembled. And heading 9113 covers "[w]atch straps, watch bands and watch bracelets, and parts thereof."

Heading 9111 covers "[w]atch cases and parts thereof." Chapter Note 1(a) to chapter 91 states that chapter 91 does not cover watch glasses, which are "classified according to their constituent material." The Explanatory Note to heading 9111 similarly states that watch glasses are excluded from that heading and "are classified in their own appropriate headings." HTS Explanatory Notes, § XVIII, Chapter 91.11(B) (2012).

Chapter Note 2 to chapter 91 provides that heading 9101 "covers only watches with case wholly of precious metal." Additional U.S. Note 1(b) to chapter 91 provides that the term "cases" embraces "inner and outer cases, containers and housings for movements, together with parts or pieces . . . which (with appropriate movements) serve to complete the watches." Under that broad definition, the watch case includes the bezel, which holds the front glass in place; the middle case, which consists of the sides of the watch; and the back covering of the watch. *See* J.A. 64.

B

The Trade Court first addressed whether the crystal windows on the backs of the subject watches fall within the category of "watch glass." *Trade Court Decision*, at *4–8. The proper meaning of "watch glass" in the applicable tariff provisions presents a question of law.

Ildico argues that if the crystal portion of the watch back is deemed to be made of "watch glass," then that portion of the watch back cannot be part of the watch case, because Note 1(a) to chapter 91 expressly excludes "watch

ILDICO INC. v. US 7

glasses" from that chapter. If the watch case excludes the transparent crystal portion of the watch back, Ildico argues, then the remainder of the watch case is made of precious metal, and the watches must be classified under heading 9101. Appellant's Br. 17–21.

The government responds that "watch glass" has a more restrictive meaning. According to the government, the term "watch glass" refers to the glass that is "designed to protect the dial or face . . . on the front of the watch." Appellee's Br. 26. The government asserts it is the "structural location of the synthetic sapphire back and its function rather than its composition or descriptive label" that should determine whether the sapphire crystal backs fall within the category of "watch glass." *Id.*

The Trade Court concluded that the crystal backs on the subject watches are made of "watch glass." *See Trade Court Decision*, at *7. The court acknowledged that several dictionaries, including the Oxford English Dictionary, Merriam Webster's Collegiate Dictionary, and Wingate's Watch Dictionary specify that "watch glass" covers the dial on the front of the watch. *Id.* at *6. However, the court noted that the definition in the FH Professional Dictionary of Horology is more expansive, in that it characterizes "watch glass" as including glass both on the front and on the back of the watch, and that the other dictionaries do not expressly exclude characterizing a crystal window on the back of the watch from being considered "watch glass." *Id.* at *6–7. Moreover, the court found that the sapphire crystal on the back of the subject watches is "virtually indistinguishable" from the crystal covering the face on the front of the watch. *Id.* at *7.

It is unnecessary for us to decide whether the Trade Court was correct in concluding that the crystal portions on the backs of the Richard Mille watches are properly characterized as "watch glasses." The Trade Court itself held that the crystal on the back of the watches is part of

the "case" even if characterized as "watch glasses." *Id.* at
*7–8. We agree. As discussed below, the HTSUS makes
clear that the back qualifies as part of the "case" under
heading 9101 even if it is transparent like the front or even
if it is made of the same material. That interpretation con-
trols the outcome here regardless of whether the material
used for the back, considered alone or when imported sep-
arately, might be characterized as a "watch glass."

## C

### 1

We agree with the Trade Court that the transparent
glass that covers the face of the watch is not part of the
case, but that the crystal window on the back of the watch
is part of the watch case, as it completes the housing for
the watch. Without a back covering the entire rear portion
of the watch, the internal components of the watch would
be unprotected and exposed to the elements, as Ildico
acknowledges. *See* Appellant's Br. 18 n.7 (agreeing with
the Trade Court that the crystals on the front and back
"serve to protect the movement from debris and moisture if
the case was left open"). It is more consistent with the
HTSUS additional U.S. notes and the "common and com-
mercial meaning" of a watch "case" to treat a crystal win-
dow on the back as part of the watch case. The back portion
of the case of a representative Richard Mille watch, includ-
ing a crystal window, is depicted below:

ILDICO INC. v. US                                                    9



J.A. 231.

The explanatory notes to chapter 91 provide additional support for classifying the watches at issue under heading 9102. First, the explanatory note to heading 9111, which covers watch cases and parts thereof, specifies that "[w]atch cases . . . may be of any material." That means that a crystal window on the back of a watch may be considered part of the watch case if it serves the function of a watch case.

Second, in the explanatory note to heading 9111, which lists the parts of the watch case, paragraph (B)(5) describes "[t]he bottom" of the watch, i.e., the watch back, as the part that "closes the watch on the opposite side from the glass." The crystal window on the back of each of the Richard Mille watches is thus part of the bottom of the watch, and the bottom is part of the case.

Ildico's argument to the contrary relies on Note 1(a) to chapter 91 of the HTSUS, which provides that chapter 91 does not cover "[c]lock or watch glass or weights (classified according to their constituent material)." Based on that

chapter note, Ildico argues that watch glass must be disregarded for all purposes in construing heading 9101. Appellant's Br. 17–19. If that is so, Ildico argues, the backs of the Richard Mille watches must be characterized as "wholly of precious metals," because the portions of the watch cases other than the crystal windows on the watch backs are wholly made of gold. *Id.* at 4, 24–27.

That argument is entirely unconvincing. The fact that watch glasses are not included within chapter 91 for purposes of assessing duties on watch parts that are separately imported does not mean that watch glasses can be ignored for purposes of determining whether the watch cases are made entirely of precious metals.[2]

Ildico contends that treating the crystal window on the back of the watch as part of the case "produces an absurd result" because it would mean that if the same crystal windows were imported separately, they would have to be classified under different headings depending on whether they

---

[2] In parallel with its contention that the crystal backs are not properly viewed as parts of the Richard Mille watch cases, Ildico argues that the screws and washers used to affix the watch case to other portions of the watch are not regarded as parts of the case for purposes of determining whether the case is "wholly of precious metal." Appellant's Br. 21–22. The Trade Court found that it was unnecessary to decide that question, because the court's conclusion that "the watch back crystal [is] part of the case adequately determines the result here." *Trade Court Decision*, at *8–9. We agree with the Trade Court in that regard. In any event, the screws and washers on the watch cases would appear to qualify as "negligible or insignificant quantities of some other material" that would not affect the determination of whether the watch cases were made "wholly of precious metal." *See* HTSUS Additional U.S. Rules of Interpretation General Note 3(h)(v)(A) (2016).

were to be used on the fronts or backs of watches, even if the crystal windows were virtually identical. Appellant's Br. 18–19. To the contrary, whether the crystal window on the back of the watch is considered "watch glass" or not, the critical fact is that in the subject watches the crystal window on the back of the watch is part of the watch case. If a particular crystal window is part of the watch case, that makes the watch one in which the case is not "wholly of precious metal." In that event, Note 2 to chapter 91 dictates that the watch be classified under heading 9102, regardless of how watch glasses imported separately, and not as parts of assembled watches, would be classified.

2

Ildico argues in passing that the synthetic sapphire crystal that makes up the windows on the backs of the subject watches is a "precious stone" and that under Note 2 to chapter 91 the watch case could therefore qualify as a "case of precious metal" covered by heading 9101. Reply Br. 6–7; *see* chapter 91, Note 2 ("Heading 9101 covers only watches with case wholly of precious metal . . . or of the same materials combined with . . . precious or semiprecious stones"). Ildico raised that point only in a footnote in its opening brief, however, and as we have held, an argument "made in passing only in a footnote, is not sufficient under our precedents to preserve an argument for review." *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1116 (Fed. Cir. 2022) (quoting *ConocoPhillips v. United States*, 501 F.3d 1374, 1381 (Fed. Cir. 2007)); *Commscope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289, 1296 (Fed. Cir. 2021).[3] Thus, we find this argument was not preserved for review.

---

[3]    At oral argument, Ildico acknowledged that this argument was not developed in the Trade Court. Oral Argument at 3:54–5:12, https://www.cafc.uscourts.gov/oral-

ILDICO INC. v. US

## IV

Under the broad definition of "watch case" in chapter 91, we hold that the synthetic sapphire crystal backs of the subject Richard Mille watches are part of the watch cases. As such, the cases of those watches comprise 18-karat gold portions along with synthetic sapphire crystal windows on the backs of the watches. The Richard Mille watches at issue are therefore not "wholly of precious metal," and they are not properly classified under heading 9101. For that reason, the Trade Court did not clearly err in classifying the subject watches under heading 9102.

**AFFIRMED**

---

arguments/25-1337_06092026.mp3. Ildico addressed the "precious stone" issue in its reply brief before this court, but that also was insufficient, as arguments made for the first time in a reply brief are not preserved. *See United States v. Ford Motor Co.*, 463 F.3d 1267, 1276–77 (Fed. Cir. 2006); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006).